STATE of Wisconsin, Plaintiff-Respondent,

v.

CAROL M. D., Respondent-Appellant. †

Court of Appeals

*No. 95–1729–CR. Submitted on briefs October 2, 1995.—Decided November 14, 1995.*

(Also reported in 542 N.W.2d 476.)

†Petition to review denied.

On behalf of respondent-appellant, the cause was submitted on the briefs of *Gale R. Mattison* of Marinette.

On behalf of plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Michael R. Klos*, assistant attorney general, of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Carol M. D. appeals an order denying her motion to dismiss eight of the nine counts filed against her for failing to act to prevent the sexual assault of a child, contrary to § 948.02(3), STATS.[1] Carol

---

[1] Section 948.02(3), STATS., provides:

Failure to act. A person responsible for the welfare of a child who has not attained the age of 16 years is guilty of a Class C felony if that person has knowledge that another person intends to have, is having or has had sexual intercourse or sexual contact with the

argues that the statute contemplates only a single charge against a responsible person who is informed of the assaults only once although the failure to take action facilitates separate assaults, and that filing more than one count in such a circumstance constitutes double jeopardy. We conclude that a defendant may be convicted of more than one count under this statute if knowledge of the prior sexual assault is accompanied by a failure to take action on each separate occasion. Because the complaint alleges the necessary knowledge coupled with a failure to act on several separate occasions, we affirm the order denying the motion to dismiss.

The factual record before this court is limited to the criminal complaint because Carol brings an interlocutory appeal.[2] Carol's live-in boyfriend, Allan Nelson, has been charged with twenty counts of sexual assault against Carol's son, Shawn K. D., beginning sometime in 1991 or 1992. In September 1994, Shawn told Carol that Allan was assaulting him. Carol confronted Allan, but Allan denied assaulting Shawn. Carol took no further action. Allan allegedly assaulted Shawn nine more times after September of 1994, when Carol left her son alone with Allan while she was at work. Shawn did not inform Carol of any of the assaults occurring after September 1994.

child, is physically and emotionally capable of taking action which will prevent the intercourse from taking place or being repeated, fails to take that action and the failure to act exposes the child to an unreasonable risk that intercourse or contact may occur between the child and the other person or facilitates the intercourse or contact that does occur between the child and the other person.

[2] This court granted leave to appeal by order dated June 26, 1995.

Carol was charged with one count of failure to act for each sexual assault occurring after September 1994. She moved to dismiss eight of the counts on the grounds they were multiplicitous, and the motion was denied.

■■■

Multiplicity occurs when the state charges more than one count for a single criminal offense. *Harrell v. State*, 88 Wis. 2d 546, 555, 277 N.W.2d 462, 464-65 (Ct. App. 1979). The double jeopardy provisions of the Wisconsin and United States Constitutions prohibit multiplicitous charges. *State v. Grayson*, 172 Wis. 2d 156, 159, 493 N.W.2d 23, 25 (1992).

■■

We apply a two-part test to determine whether a charge is multiplicitous. First, we inquire whether the charged offenses are identical in law and fact. *State v. Tappa*, 127 Wis. 2d 155, 162, 378 N.W.2d 883, 886 (1985). If so, the charges are multiplicitous. Second, if the charges are different in law or fact, they are still multiplicitous if the legislature intended them to be brought as a single count.[3] *Id.* at 164, 378 N.W.2d at 887.

---

[3] Only the first part of the test implicates the double jeopardy clause. Once it is determined that the offenses are different in law or fact, double jeopardy concerns are eliminated. *State v. Grayson*, 172 Wis. 2d 156, 159 n.3, 493 N.W.2d, 23, 25 n.3 (1992). The second part of the test is solely a question of statutory construction. Criminal charges that are multiplicitous under this factor are impermissible because they contravene the intent of the Legislature. *Id.*

## WHETHER THE OFFENSES ARE IDENTICAL IN LAW AND FACT

Because the State charged Carol with nine violations of the same statute, the charges are the same in law. Whether they are the same in fact depends on whether each count requires proof of an additional fact which the others do not. *Id.* at 163, 378 N.W.2d at 886. Offenses are different in fact if they are either significantly different in nature or separated in time. *State v. Eisch*, 96 Wis. 2d 25, 31, 291 N.W.2d 800, 803 (1980). We conclude that the charges are different in fact because they are both separated in time and different in nature.

Each count Carol is charged with is separated in time. Offenses are separated in time if the defendant had time to reconsider his or her course of action between each offense. *Harrell*, 88 Wis. 2d at 560, 277 N.W.2d at 467. Carol argues that her only punishable action was to ignore Shawn's single protest for help, so she can only be guilty of one crime. We disagree. The complaint alleges that Carol left Shawn alone with Allan while she went to work on numerous *separate* occasions. By leaving Shawn and Allan alone, Carol facilitated the nine separate incidents of sexual contact that occurred after September 1994. These incidents were each a minimum of a few weeks apart. The complaint alleges facts that Carol had time to reconsider her course of action and act on the information she had received regarding the sexual assault of her son. *See id.* However, Carol allegedly failed to act on this information at any time.

170

 The charges against Carol also differ in factual nature. Multiple charges under the same statute are different in nature if the defendant has formed a new *mens rea* for each crime. *Grayson*, 172 Wis. 2d at 165, 493 N.W.2d at 28.[4] Carol argues the *mens rea* for § 948.02(3), STATS., requires "knowledge that another person intends to have, is having or has had sexual intercourse or sexual contact with the child . . . ." Carol concludes she did not form a new *mens rea* for each offense because she only obtained knowledge of the assaults once—when Shawn initially informed her of the sexual assaults. We disagree with Carol's conclusion. We believe that a new *mens rea* is formed each time a person fails to act to protect the victim, with the knowledge of the prior assault. In other words, the *mens rea* is not just the knowledge of the prior assault, it is the existence of that knowledge accompanied by the circumstance of a failure to act that exposes the victim again.

 We agree that the State must prove the formation of a separate *mens rea* for each crime charged for the charges to be different in nature.[5] However, Carol's

---

[4] In *State v. Grayson*, 172 Wis. 2d 156, 160, 493 N.W.2d 23, 25 (1992), the defendant conceded that the charges were different in fact because they were based on different time periods. *Id.* However, our supreme court discussed whether the charges were identical in fact in its discussion of the nature of the proscribed conduct. *Id.* at 165, 493 N.W.2d at 28.

[5] Although the complaint does not expressly allege that Carol formed a new *mens rea* each time she facilitated an assault by leaving Shawn with Allan, it does allege that Carol left Shawn alone with Allen on each occasion with the knowledge that Allan had previously assaulted Shawn. We infer the

argument fails because she isolates the element of knowledge from the other elements of § 948.02(3), STATS. Under the statute, the element of knowledge combines with the element of failing to act to form a *mens rea* to facilitate sexual contact. At trial, the State must prove that Carol retained the necessary knowledge and failed to act as to each offense to prove a separate *mens rea* for each offense.

*Grayson* supports our holding that a defendant can form a *mens rea* on separate occasions while continuously committing a crime of omission such as § 948.02(3), STATS. In *Grayson*, the defendant failed to pay child support for four years and was charged with four counts of felony nonsupport under § 940.27(2), STATS. (1987-88), renumbered § 948.22(2), STATS.[6] *Id.* at 158, 493 N.W.2d at 25. The defendant argued that the four charges were multiplicitous. *Id.* at 159, 493 N.W.2d at 25. Our supreme court held that a prosecutor could charge one count of felony nonsupport for each 120-day term a person fails to pay child support, even if that person failed to pay over one continuous period. *Grayson*, 172 Wis. 2d at 158, 193 N.W.2d at 24. Criminal failure to act under § 948.02(3) is analogous to felony nonsupport because both punish the wrong-doer for failing to affirmatively act. In *Grayson*, our supreme court held that separate charges for a contin-

---

allegation that Carol formed a new *mens rea* on each occasion. A criminal complaint should not be strictly construed against the state, rather reasonable inferences can be made from the facts of the complaint. *State v. Chinavare*, 185 Wis. 2d 528, 534, 518 N.W.2d 772, 774 (Ct. App. 1994).

[6] Section 948.22(2), STATS., provides that "Any person who intentionally fails for 120 or more consecutive days to provide . . . child support . . . is guilty of a Class E felony."

ual failure to pay are different in fact because a new *mens rea* can be formed for each period of nonpayment. *Id.* at 165, 493 N.W.2d at 28. Under *Grayson's* analysis, the offenses Carol is charged with are different in nature because the State must prove she had the requisite knowledge on each occasion in which her inaction facilitated an assault.

## WHETHER THE LEGISLATURE INTENDED THE OFFENSES TO BE BROUGHT IN ONE COUNT

Even though the charges are different in fact, they are still multiplicitous if the legislature intended them to be brought as a single count. *Tappa*, 127 Wis. 2d at 164, 378 N.W.2d at 887. However, since the first part of the multiplicity test is satisfied, "then this court shall presume that the legislature intended to permit cumulative punishments . . . . " *State v. Sauceda*, 168 Wis. 2d 486, 495, 485 N.W.2d 1, 4 (1992). When determining legislative intent for multiplicity purposes, this court examines four factors:

(1) the language of the statute;

(2) the legislative history and context of the statute;

(3) the nature of the proscribed conduct; and

(4) the appropriateness of multiple punishment for the conduct.

*Tappa.*

The express statutory language does not indicate the allowable unit of prosecution. *See supra* note 1.

However, the lack of graded punishments based on time in § 948.02(3), STATS., supports the presumption that multiple charges can be brought for Carol's offense. The statute provides one ungraded penalty of ten years for a violation. When an offense is ongoing over a period of time, the existence of gradations in punishment demonstrates a legislative intent that the offense constitutes one continuing crime. *State v. Schumacher*, 144 Wis. 2d 388, 411-12, 424 N.W.2d 672, 681 (1988). The supreme court in *Grayson* observed: "Just as the presence of gradations in the penalty structure indicates that an ongoing offense should be treated as a single crime, the lack of gradations is viewed as indicating that an ongoing offense may be charged as multiple separate offenses."[7] *Id* . at 164, 493 N.W.2d at 27. Nothing in the legislative history and context of the statute rebuts the presumption that the statute contemplates multiple counts.

The nature of Carol's proscribed conduct does not suggest a limit of one unit of prosecution. Prohibited criminal conduct suggests multiple units of prosecution if the perpetrator subjects the victim to a new and different humiliation, danger and pain with each action. *See Eisch*, 96 Wis. 2d at 37, 291 N.W.2d at 806. Shawn suffered adverse consequences each time Carol

---

[7] In *State v. Grayson*, 172 Wis. 2d 156, 493 N.W.2d 23 (1992), three justices dissented on the grounds that the legislature intended only one unit of prosecution under § 948.22(2), STATS. The dissenters argued that a graded penalty did exist because failure to pay support for less than 120 days was a misdemeanor, while failure to pay support for 120 days or more constituted a felony. *Id.* at 169, 493 N.W.2d 29 (Bablitch, J., dissenting). No such argument can be made under § 948.02(3), STATS.

facilitated Allan's assaults. Fairness dictates that Carol should be punished for more than one offense if she failed to take action to prevent harm to Shawn more than once.[8]

■■■

Finally, multiple punishment under § 948.02(3), STATS., is consistent with the need to deter potential multiple offenders. Victims of child abuse are often hesitant to come forward, so it may be expected that a victim will give notice of the assaults only once, especially in light of the failure to act following the initial report. If a responsible person in Carol's circumstance may be prosecuted only once, that person has less motive to act once the initial assault after the notice occurs, and it places a burden on the victim to promptly report each separate assault.

■■■

We conclude that charging more than one offense under § 948.02(3), STATS., does not violate the double jeopardy protection against multiplicity. We further conclude that the legislature intended to allow the State to charge § 948.02(3) more than once in appropriate circumstances. Therefore, we affirm the order.

---

[8] In *State v. Grayson*, 172 Wis. 2d 156, 493 N.W.2d 23 (1992), the dissenters argued that failure to pay child support suggested a limit of one unit of prosecution because "[t]he only reason why the distinct time intervals exist are because the State arbitrarily imposed them." *Id.* at 173, 493 N.W.2d at 31. In our case, the State did not create time intervals to separate the offenses. Rather, the separate offenses exist because Carol allegedly made the conscious decision on numerous occasions to leave Shawn alone with Allan, and on nine of those occasions Allan assaulted Shawn.

*By the Court.*—Order affirmed.