¶ 46.
SHIRLEY S. ABRAHAMSON, J.
{dissenting). According to the complaint, Heather Steinhardt knowingly and intentionally took her 12-year-old daughter to Walter's bedroom and remained there sitting on Walter's bed, facilitating Walter's sexual assault of the child. According to the majority opinion, Walter is Heather Steinhardt's husband. Heather Steinhardt's conduct was revolting and detestable!
¶ 47. The federal and state constitutional guarantees against double jeopardy protect us all, even Heather Steinhardt.
¶ 48. In the instant double jeopardy challenge, Heather Steinhardt argues that she was convicted of two offenses, Counts 1 and 2, that are the same in law and fact, that is, multiplicitous. The majority opinion agrees with Heather Steinhardt that the two convictions at issue are identical in law. The majority opinion concludes, however, that the convictions for Count 1 (failure to act to protect a child from sexual assault *739 contrary to Wis. Stat. § 948.02(3)) and Count 2 (first-degree sexual assault of a child under 13 as a party to a crime contrary to Wis. Stat. §§ 948.02(l)(e) and 939.05) are not identical in fact and that Heather Steinhardt's multiplicity challenge fails.
¶ 49. Heather Steinhardt also argues that if this court upholds her convictions on Counts 1 and 2 upon the State's new factual arguments in this court, a different multiplicity issue is created with regard to Count 3. The majority opinion concludes that count 3 (causing a child to go into a room with intent to have sexual contact or sexual intercourse contrary to Wis. Stat. § 948.07(1)) is not identical in law or fact, that the legislative intended multiple convictions under Count 3, and that Heather Steinhardt's multiplicity challenge fails.
¶ 50. I conclude, contrary to the majority opinion, that Counts 1 and 2 are identical in law and fact; that the legislature did not intend that these two counts for two offenses identical in law and fact under two subsections of a single statute would result in two convictions, see Wis. Stat. § 939.66(1) and (2p);[1] and that convictions for both counts are multiplicitous. I further conclude that Count 3 is not identical in law with the other counts but that the legislature did not *740 intend that Heather Steinhardt's single, brief course of conduct subject her to multiple convictions and that her conviction of Count 3 is multiplicitous.
¶ 51. Accordingly, I would reverse the decision of the court of appeals and the order of the circuit court. I would remand the matter to the circuit court to vacate the convictions on Counts 1 and 3 and for further proceedings consistent with this dissent.
¶ 52. Notwithstanding the heinous nature of Heather Steinhardt's conduct, the ultimate question for double jeopardy purposes is whether it is fundamentally fair to convict her of the three offenses. "Basically, where problems of double jeopardy or multiplicity arise, the question is one of fundamental fairness or prejudice to the defendant. A defendant ought not be charged, tried, or convicted for offenses that are substantially alike when they are a part of the same general transaction or episode." State v. Eisch, 96 Wis. 2d 25, 34, 291 N.W.2d 800 (1980).
¶ 53. The problem of unfairness caused by the overcharging of multiple criminal offenses based on a single course of criminal conduct is not a new concern. Over forty years ago, United States Supreme Court Justice William Brennan, concurring in Ashe v. Swenson, 397 U.S. 436, 452 (1970), sounded a warning. Although directed at another area of double jeopardy jurisprudence, Justice Brennan's concerns pertain to the instant case:
Given the tendency of modern criminal legislation to divide the phases of a criminal transaction into numerous separate crimes, the opportunities for multiple prosecutions for an essentially unitary criminal episode are frightening. And given our tradition of virtually unreviewable prosecutorial discretion concerning *741 the initiation and scope of a criminal prosecution, the potentialities for abuse . .. are simply intolerable. (Footnotes omitted.)
¶ 54. I conclude that two counts in the instant case are identical in law and fact, that the third count is identical in fact, and that the three are multiplici-tous for the following reasons:
I. The text of the statutes and the facts alleged in the complaint demonstrate that Counts 1 and 2 are the same in law and supported by the same facts. Because the same conduct satisfies each count, the text of the two statutes clearly expresses a legislative intent that there not be two convictions. See Wis. Stat. § 939.66(1), (2p). Count 3 is different in law but the same conduct supports all three counts. The legislature did not intend multiple convictions for the three counts under the facts of the instant case.
II. An indication that Counts 1, 2, and 3 are identical in fact is the short time that elapsed between the "acts" alleged. Heather Steinhardt performed the role of isolating the child by bringing the child into the bedroom and facilitating Walter's sexual assaults. Her mens rea was unvarying. Her relatively brief course of conduct demonstrated a single intent and purpose of getting the child into the bedroom to facilitate Walter's sexual assaults.
III. The majority opinion's commission/omission "test" is not viable. The majority opinion adopts the state's novel position about the facts in this court, which differs from the State's position in the circuit court and court of appeals. The majority opinion "slices and dices" Heather Steinhardt's single volitional act constituting a single course of conduct into two offenses, one an act of omission and the other an act of commission.
*742 IV. The majority opinion's reasoning can easily lead to the overcharging of offenses and the imposition of multiple sentences for a single act or course of conduct.
¶ 55. I develop these four reasons further below.
I—I
¶ 56. The text of the statutes and the facts alleged in the complaint demonstrate that the three counts are supported by the very same facts, that is, by the very same "acts" of Heather Steinhardt described in the complaint.[2]
¶ 57. The complaint alleges identical facts as probable cause to believe that Heather Steinhardt committed the three offenses charged. The probable cause section of the complaint states:
*743 PROBABLE CAUSE:
Complainant alleges that on June 19, 2013, Detective Lambrecht and Lieutenant Knowles interviewed Heather Steinhardt about the allegations that Walter Steinhardt had sexual intercourse with F.G., date of birth 11/26/2000. At that time, Heather told Detective Lambrecht that Walter had been interested in having intercourse with both of her daughters for the last three years. Heather stated that throughout the day on April 1, 2013, Walter had been prodding Heather to allow him to have sexual intercourse with F.G. Heather stated that at one point she went to one of the other rooms were [sic] F.G. was and brought her into the bedroom that Heather shared with Walter and sat with her on the bed. Heather stated that Walter was prepared, lying on the bed under the covers. Heather stated that Walter then told F.G. to take off her clothes at which time Heather remained on the bed while Walter engaged in digital penetration of F.G., Walter had F.G. engage in oral sex with him, and ultimately Walter had sexual intercourse with F.G. placing his penis inside her vagina. Heather stated she remained on the bed the whole time. Walter finished and F.G. left the room to take a shower with Heather following her into the bathroom.
Complainant further alleges that all the above stated events occurred in the County of Ozaukee, State of Wisconsin.
Based on the foregoing, the complainant believes this complaint to be true and correct.
¶ 58. I examine Count 1 first. It charges Heather Steinhart with failure to act, that is, failure to protect a child from sexual assault in violation of Wis. Stat. § 948.02(3), which provides as follows:
(3) Failure to act. A person responsible for the welfare of a child who has not attained the age of 16 years is *744 guilty of a Class F felony if that person has knowledge that another person intends to have, is having or has had sexual intercourse or sexual contact with the child, is physically and emotionally capable of taking action which will prevent the intercourse or contact from taking place or being repeated, fails to take that action and the failure to act exposes the child to an unreasonable risk that intercourse or contact may occur between the child and the other person or facilitates the intercourse or contact that does occur between the child and the other person. [3] (Emphasis added.)
f 59. With regard to Count 1, which charges a violation of Wis. Stat. § 948.02(3), the facts alleged fall squarely in the language of the charged offense. The probable cause part of the complaint clearly states that Heather Steinhardt is the mother of the assaulted child. No one disputes that as a mother she is responsible for the welfare of the child. She had "knowledge" that Walter wanted to have sexual intercourse[4] or sexual contact[5] with her child. On April 1, 2013, Heather Steinhardt succumbed to Walter's wishes. She failed to *745 take action to prevent the sexual assaults from taking place on April 1 by failing to remove her daughter to a safe place away from Walter's grasp (instead, she brought the child into Walter's bedroom). This failure to take action exposed the child to an unreasonable risk that intercourse or contact may occur. By the act of sitting on the bed she facilitated the ongoing sexual assaults, and she did nothing to stop them.
¶ 60. Heather Steinhardt's conduct, whether denoted "acts of omission" or "acts of commission," explicitly falls within the text of Wis. Stat. § 948.02(3)'s prohibition on failing to act, the violation of which constitutes Count 1.
¶ 61. The majority opinion declares that the act of sitting on Walter's bed during the assaults is an act of omission constituting Count 1.
¶ 62. I now consider Count 2. Count 2 charges first-degree sexual assault of a child under 13 as party to a crime in violation of Wis. Stat. §§ 948.02(l)(e) and 939.05, which provide:
Wis. Stat. § 948.02 Sexual assault of a child.
(1) First degree sexual assault.
[[Image here]]
(e) Whoever has sexual contact or sexual intercourse with a person who has not attained the age of 13 years is guilty of a Class B felony.
Wis. Stat. § 939.05 Parties to crime.
(1) Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although the person did not directly commit it and although the person who directly committed it has not been convicted or has *746 been convicted of some other degree of the crime or of some other crime based on the same act.
(2) A person is concerned in the commission of the crime if the person:
(a) Directly commits the crime; or
(b) Intentionally aids and abets the commission of it; or
(c) Is a party to a conspiracy with another to commit it... .[6]
¶ 63. With regard to Count 2, sexual assault of a child under 13 as party to a crime, the complaint relies on the same facts as does Count 1, namely those facts set forth in the probable cause section. These facts fall squarely within the text of Wis. Stat. §§ 948.02(l)(e) and 939.05, as well as within the text of § 948.02(3).
f 64. The probable cause part of the complaint clearly states that Heather Steinhardt intentionally aided and abetted Walter's sexual assaults by failing to take action to remove the child from Walter's grasp and by bringing the child into Walter's bedroom. In addition, by sitting on Walter's bed and failing to do anything to stop the assaults, she facilitated Walter's *747 ongoing sexual assaults. Heather Steinhardt had the duty and opportunity to protect the child. Heather Steinhardt's conduct, whether denoted "acts of omission" or "acts of commission," explicitly falls within the text of Wis. Stat. §§ 948.02(l)(e) and 939.05, the violation of which constitutes Count 2.[7]
¶ 65. The majority opinion declares that the act of bringing the child into Walter's bedroom is an act of commission constituting Count 2.
f 66. The majority opinion concludes, without analysis or explanation, that had Heather Steinhardt been charged "only with one count of violating § 948.02(l)(e) based on one act, she could have been convicted of either § 948.02(l)(e) or § 948.02(3), but not both." Majority op., f 32. The majority opinion neither explains this hypothetical scenario nor cites authority for this interpretation of the statutes.
f 67. In sum, the text of the statutes and the text of the complaint demonstrate that Counts 1 and 2 are supported by the same facts. I therefore conclude that the two counts are identical in fact (as well as in law) and are multiplicitous. The legislature clearly stated it *748 did not intend that these two counts for offenses based on the same facts and charged under two subsections of a single statute would lead to two convictions. See Wis. Stat. § 939.66(1), (2p).
¶ 68. Another multiplicity issue involves Count 3. The majority opinion, ¶¶ 36-41, concludes that Count 3 in the information setting forth the crime of child enticement, see f 56 n.2, supra, is not multiplici-tous.
¶ 69. Heather Steinhardt's reply brief argues that in light of the State's novel approach to the facts in this court, Count 3 is not identical in law but is multiplicitous because Count 3 is supported by the same conduct as Count 2. See Steinhardt's Reply Brief at 8. A single act or course of conduct may support multiple convictions if the legislature intended there be multiple convictions "to protect different interests of the victim or the public." See State v. DeRango, 229 Wis. 2d 1, 16, 599 N.W.2d 27 (Ct. App. 1999); State v. Patterson, 2010 WI 130, 329 Wis. 2d 599, 790 N.W.2d 909.
¶ 70. No one disputes that Count 3 is based on the course of conduct set forth in the probable cause statement in the complaint. This course of conduct supports all three counts.
¶ 71. Under Wis. Stat. § 948.07(1), the State must prove that the accused caused a child who has not attained the age of 18 years to go into a room with the intent to have sexual contact or sexual intercourse with the child. See ¶ 56 n.2, supra; State v. Church, 223 Wis. 2d 641, 664, 589 N.W.2d 638 (Ct. App. 1998) ("The crime of enticement is completed, however, when a person causes, or attempts to cause, a child to go to a secluded place, regardless of whether any of the intended illegal acts is ever completed or attempted.").
*749 ¶ 72. The facts alleged in the probable cause part of the complaint fall squarely within the language of the charged offense in Count 3. The complaint clearly states that Heather Steinhardt caused the child to go into a room with the intent that Heather Steinhardt aid and abet Walter as a party to the crime of sexually assaulting the child.
f 73. I conclude that in the instant case the three convictions based on Heather Steinhardt's same course of conduct over a brief period of time contravene the same interests of the victim and the community that the legislature was protecting in all three offenses. All three statutes protect the child and the community against the seriousness of sexual assault of a child. "Enticement of a child to a vehicle, building, room, or other secluded place isolates a child from the protections of the public. It also provides the opportunity, with substantially less risk of detection, for the person to exercise force and control over the child for purposes of sexual gratification." State v. Hanson, 182 Wis. 2d 481, 487, 513 N.W.2d 700 (Ct. App. 1994) (internal citations and quoted source omitted).
¶ 74. My review of the text of the statutes, the statutory and legislative history, the nature of the statutorily proscribed conduct, Heather Steinhardt's brief course of conduct, and the appropriateness of multiple punishments supports the conclusion that the legislature did not intend three convictions in the instant case. The three statutes protect the same interests of the victim and the community. Count 3 is multiplici-tous. The instant case is more like State v. Church, 223 Wis. 2d 641, 648, 589 N.W.2d 638 (Ct. App. 1998), review dismissed as improvidently granted, State v. Church, 2000 WI 90, 236 Wis. 2d 755, 613 N.W.2d 848 (the facts on which the convictions were based were not separated *750 in time or significantly different in nature), than State v. DeRango, 229 Wis. 2d 1, 14-17, 599 N.W.2d 27 (1999) (the legislature created two statutes and two offenses intending to protect different interests of the victim or public).
II
¶ 75. One indicator of whether the three counts are identical in fact is how much time elapsed between "acts."
f 76. The complaint is silent as to how much time passed during and between Heather Steinhardt's "acts." Time is a factor in cases like this.[8]
f 77. The majority opinion disregards the time factor, stating that it is "unable to determine from the facts in the criminal complaint exactly how much time elapsed here." Majority op., ¶ 19. True, but there is no indication in the complaint that any considerable amount of time passed between Heather's bringing the child into Walter's bedroom and the assaults.
¶ 78. In State v. Eisch, 96 Wis. 2d 25, 31, 291 N.W.2d 800 (1980), the court surmised from the record that the sexual assaults took place over a period that did not exceed two and one-half hours. The court characterized this period of time as "a relatively short period." The Eisch court also stated that this "relatively short time period" was "not significant enough to *751 make the time interval alone controlling." Eisch, 96 Wis. 2d at 31, 33. Heather Steinhardt's acts were not separated by a significant enough period of time to make the time interval controlling in the instant case.
¶ 79. I surmise from the complaint that the "acts" leading to the three charged offenses in the instant case occurred over a significantly shorter time than two and one-half hours. Indeed, they are patently part of the same episode. Heather Steinhardt's conduct constituting the three charged offenses arose out of one continuous course of conduct within a brief period of time.[9]
f 80. The complaint makes clear that Heather Steinhardt and Walter planned her participation in the sexual assaults on April 1, 2013. The plan was that she perform the same role before and during the sexual assaults, that of facilitator. Heather Steinhardt's conduct consisted of a single volitional act. She did not reconsider her course of conduct. Heather Steinhardt's course of conduct, contrary to the State's argument, continuously inflicted the same humiliation and emo *752 tional and physical danger and pain to her daughter.[10] Her mens rea throughout the time at issue was unvarying; she demonstrated a single intent and purpose of taking the child into Walter's bedroom and exposing the child to Walter's sexual assaults.
f 81. In sum, the facts underlying the three counts took place during a relatively short period of time and constituted a single course of conduct during which Heather Steinhardt could not (and did not) change her mens rea or engage in separate volitional acts. Compare State v. Carol M.D., 196 Wis. 2d 162, 542 N.W.2d 476 (Ct. App. 1995), in which the defendant was convicted of several offenses as a result of making the conscious decision on numerous occasions to leave the child alone with the assaulter. Counts 1, 2, and 3 are identical in fact in the instant case. The legislative intent is that there be one conviction, not three, in the instant case. See Wis. Stat. §§ 939.66(1), (2p).
III
¶ 82. With regard to Counts 1 and 2, the majority opinion adopts the novel approach taken by the State in this court (to which the defendant vigorously objects because it differs significantly from the State's position taken in the circuit court and court of appeals). The majority opinion "slices and dices" Heather Stein-hardt1 s single volitional act constituting a single course *753 of conduct into two acts, three crimes, and a multiplicity problem.[11]
¶ 83. The majority opinion describes Heather Steinhardt's conduct as consisting of two "acts" for purposes of Counts 1 and 2: The act of sitting on the bed becomes, according to the majority opinion, "an act of omission" that constitutes Count 1, failure to protect a child from sexual assault; the act of bringing the child into Walter's bedroom becomes, according to the majority opinion, "an act of commission" that constitutes Count 2, first-degree sexual assault of a child under 13 as party to a crime. Majority op., ¶ 23.
f 84. The majority opinion does not identify the "act" that is the basis of Count 3. I assume from the criminal information that the act relates to taking the child into Walter's bedroom.
¶ 85. The word "act" (in common parlance and as used by the majority opinion) means the "process of doing something" or "performing something." Thus, according to the majority opinion, Heather Stein-hardt's criminal conduct consisted of doing or performing something (which it labels an "act of omission") and doing or performing something else (which it labels an "act of commission").
¶ 86. The majority opinion's commission/ omission approach rests on quicksand. With little difficulty, the same conduct can usually be classified in terms of both malfeasance (act of commission) and nonfeasance (act of omission).
*754 ¶ 87. For instance, sitting on Walter's bed during the sexual assaults (which the majority opinion characterizes as an act of omission) can be restated as an act of commission—Heather Steinhart's staying in Walter's room and sitting on the bed during the assaults facilitated the assaults.
¶ 88. Bringing the child into Walter's bedroom for Walter's sexual assaults (which the majority opinion characterizes as an act of commission) can be restated as an act of omission—Heather Steinhardt failed to remove the child from harm's way.
¶ 89. For a discussion of the difficulty of distinguishing acts of commission and omission, see 2 Dan B. Dobbs, Paul T. Hayden, & Ellen M. Bublick, The Law of Torts § 406 (2d ed. 2011) ("[N]o rule has been formulated to prescribe whether courts are to characterize conduct as affirmative action with an embedded omission or as simple non-action."); W. Page Keeton et al., Prosser and Keeton on Torts § 56, at 373-75 (5th ed. 1984) ("[I]n theory the difference between the two is fairly clear; but in practice it is not always easy to draw the line and say whether conduct is active or passive."); Fleming James, Jr., Scope of Duty in Negligence Cases, 47 Nw. U. L. Rev. 778, 801 (1953) ("Often the same conduct could be described as either one or the other [that is, as either an act or omission]"); Behrendt v. Gulf Underwriters Ins. Co., 2009 WI 71, ¶ 54, 318 Wis. 2d 622, 768 N.W.2d 568 (2009) (Abrahamson, C.J., concurring) (the distinction between misfeasance and nonfeasance is "tenuous and misleading"); id., ¶ 88 (Roggensack, J., concurring) ("the claim made could be characterized as either a failure to act or as an act negligently performed, depending on the lens that the author of the opinion applies"); Pehle v. Farm Bureau Life Ins. Co., Inc., 397 F.3d 897, 902 (10th Cir. *755 2005) (the distinction between misfeasance and non-feasance is not useful because the conduct can be characterized as either one).[12]
¶ 90. Resting multiplicitous criminal penalties upon the shaky foundation of "commission" and "omission" in the instant case is a cause for concern because these concepts are largely malleable.
IV
¶ 91. Unfortunately, the reasoning of the majority opinion will have deleterious effects on the administration of justice. The reasoning can too easily lead to prosecutorial overcharging of offenses and the imposition of consecutive multiple criminal penalties for a volitional act constituting a single course of conduct with a single purpose. Under the majority opinion, Heather Steinhardt apparently could be charged with additional offenses, namely, an offense for each distinct sexual intrusion that Walter inflicted on the child.
| 92. In the Eisch case, 96 Wis. 2d at 27, the court upheld the prosecutor's charging the defendant with four acts of sexual assault; the court viewed each sexual assault as a different intrusion on the body of the victim. Here Walter committed three different sexual intrusions on the child and apparently Heather Steinhardt might be charged with party to a crime for each assault.
*756 ¶ 93. Each charge of a sexual assault supports its own penalty and the sentences for multiple assaults can be consecutive. Areal question exists whether it is fundamentally fair to allow such charging and sentencing in the instant case when Heather Steinhardt's course of conduct took place over a relatively brief period of time and was all part of the same episode.[13]
* * * *
¶ 94. I conclude, contrary to the majority opinion, that the three counts are identical in fact and that the legislature did not intend multiple convictions in the instant case. Moreover, the legislature did not intend that Counts 1 and 2, which are identical in law, would result in two convictions for two offenses identical in fact under two subsections of a single statute. See Wis. Stat. § 939.66(1), (2p). Accordingly, I would reverse the decision of the court of appeals and the order of the circuit court. I would remand the matter to the circuit court to vacate the convictions on Counts 1 and 3 and for further proceedings consistent with this dissent.
¶ 95. Accordingly, I dissent.
¶ 96. I am authorized to state that Justice ANN WALSH BRADLEY joins this dissenting opinion.

 Wisconsin Stat. § 939.66(1) and (2p) provide as follows:
Sec. 939.66. Conviction of included crime permitted. Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:
(1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged.
[[Image here]]
(2p) A crime which is a less serious or equally serious type of violation under s. 948.02 than the one charged.

 The criminal information, unlike the complaint, does not state the facts upon which the charges are based. The criminal information charges a third offense (unmentioned in the complaint) as follows:
The above-named defendant on or about Monday, April 01, 2013, in the Town of Fredonia, Ozaukee County, Wisconsin, with intent to have sexual intercourse with the child in violation of Section 948.02, Wis. Stats., did cause a child, FG, DOB 11/26/2000, who had not attained the age of 18 years to go into a room, contrary to sec. 948.07(1), 939.50(3)(d) Wis. Stats., a Class D Felony, and upon conviction may be fined not more than One Hundred Thousand Dollars ($100,000), or imprisoned not more than twenty five (25) years, or both.
Child enticement is set forth in Wis. Stat. § 948.07(1), which provides:
948.07 Child enticement. Whoever, with intent to commit any of the following acts, causes or attempts to cause any child who has not attained the age of 18 years to go into any vehicle, building, room or secluded place is guilty of a Class D felony:
(1) Having sexual contact or sexual intercourse with the child in violation of s. 948.02, 948.085, or 948.095.

 The complaint stated the statutory offense in count 1 as follows:
Count 1: FAILURE TO PROTECT A CHILD
The above-named defendant on or about Monday, April 01,2013, in the Town of Fredonia, Ozaukee County, Wisconsin, as a person responsible for the welfare of a child under the age of sixteen, FG, DOB 11/26/2000, with knowledge that a person intended to have sexual sexual [sic] contact with said child, did fail to taire action to prevent the sexual contact and created an unreasonable risk of the sexual contact occurring, contrary to sec. 948.02(3), 939.50(3X0 Wis. Stats., a Class F Felony, and upon conviction may be fined not more than Twenty Five Thousand Dollars ($25,000), or imprisoned not more than twelve (12) years and six (6) months, or both.

 "Sexual intercourse" is defined in Wis. Stat. § 939.22(36).

 "Sexual contact" is defined in Wis. Stat. § 939.22(34).

 The complaint states the statutory offense in Count 2 as follows:
Count 2: 1ST DEGREE CHILD SEXUAL ASSAULT - CONTACT WITH A CHILD UNDER AGE 13 - AS A PARTY TO A CRIME
The above-named defendant on or about Monday, April 01, 2013, in the Town of Fredonia, Ozaukee County, Wisconsin, as a party to a crime, did have sexual contact with a person who has not attained the age of thirteen, FG, DOB 11/26/2000, contrary to sec. 948.02(l)(e), 939.50(3)0»), 939.05 Wis. Stats., a Class B Felony, and upon conviction may be sentenced to a term of imprisonment not to exceed sixty (60) years.

 Heather Steinhardt's conduct constituted aiding and abetting. The court described aiding and abetting as follows in State v. Tourville, 2016 WI 17, ¶¶ 49-50, 367 Wis. 2d 285, 876 N.W.2d 735:
In order to aid and abet a crime, the defendant need be only a willing participant. State v. Marshall, 92 Wis. 2d 101, 122, 284 N.W.2d 592 (1979)). "Such participation as would constitute aiding and abetting does not even require that the defendant be present during the [crime]." Id. "One need not perform an act which would constitute an essential element of the crime in order to aid and abet that crime. It is only necessary that he undertake some conduct (either verbal or overt), which as a matter of objective fact aids another person in the execution of a crime, and that he consciously desire or intend that his conduct will in fact yield such assistance." Id.

 See State v. Carol M.D., 198 Wis. 2d 162, 170, 542 N.W.2d 476 (Ct. App. 1995); State v. Hirsch, 140 Wis. 2d 468, 475, 410 N.W.2d 638 (Ct. App. 1987); Christine M. Wiseman & Michael Tobin, 9 Wisconsin Practice: Criminal Practice and Procedure § 15:6 (2d ed. 2008) ("Whether there is a difference in fact depends upon whether the offenses are separated in time, significantly different in nature, or involve separate volitional acts.").

 State v. Hirsch, 140 Wis. 2d 468, 475, 410 N.W.2d 638 (Ct. App. 1987) ("Given the short time frame, we cannot say that the defendant had sufficient time for reflection between the assaultive acts to again commit herself.") (internal quotation marks omitted); Irby v. United States, 390 F.2d 432, 437-38 (D.C. Cir. 1967) (Leventhal, J., concurring) ("If at the scene of the crime the defendant can be said to have realized that he has come to a fork in the road, and nevertheless decides to invade a different interest, then his successive intentions make him subject to cumulative punishment, and he must be treated as accepting that risk, whether he in fact knows of it or not.").
See Christine M. Wiseman & Michael Tobin, 9 Wisconsin Practice: Criminal Practice and Procedure § 15:6 (2d ed. 2008) ("Whether there is a difference in fact depends upon whether the offenses are separated in time, significantly different in nature, or involve separate volitional acts.").

 In State v. Ziegler, 2012 WI 73, ¶ 77, 342 Wis. 2d 256, 816 N.W.2d 238, the court held that cumulative punishments were appropriate when each aspect of the defendant's conduct "resulted in a new and different humiliation and danger on the part of a child."

 For the majority opinion's cursory response to Heather Steinhardt's arguments that the State should be judicially estopped from taking a position in this court contrary to the position that it took in the circuit court and court of appeals, see majority op., ¶ 18 n.4.

 "Malfeasance" and "nonfeasance" may have special significance in "no-duty," "special relationship" cases. See, e.g., 2 Dan B. Dobbs, Paul T. Hayden, & Ellen M. Bublick, The Law of Torts § 406 (2d ed. 2011); W. Page Keeton et al., Prosser and Keeton on Torts § 56, at 373-78 (5th ed. 1984); Fleming James, Jr., Scope of Duty in Negligence Cases, 47 Nw. U. L. Rev. 778, 802 (1953).

 For an objection to charging for multiple violations of a single statute, see State v. Pal, 2017 WI 44, ¶ 54, 374 Wis. 2d 759, 893 N.W.2d 848 (Kelly, J., concurring).