# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP993-CR |
| COMPLETE TITLE: | State of Wisconsin, |
| |      Plaintiff-Respondent, |
| |   v. |
| | Heather L. Steinhardt, |
| |      Defendant-Appellant-Petitioner. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 367 Wis. 2d 350, 876 N.W.2d 179
(2016 – Unpublished)

| | |
|---|---|
| OPINION FILED: | June 21, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | February 28, 2017 |

| SOURCE OF APPEAL: | |
|---|---|
|   COURT: | Circuit |
|   COUNTY: | Ozaukee |
|   JUDGE: | Sandy A. Williams |

| JUSTICES: | |
|---|---|
|   CONCURRED: | |
|   DISSENTED: | ABRAHAMSON, J. dissents, joined by A.W. BRADLEY, J. |
|   NOT PARTICIPATING: | |

ATTORNEYS:

    For the defendant-appellant-petitioner there were briefs and an oral argument by *Nicole M. Masnica,* assistant state public defender.

    For the plaintiff-respondent there was a brief and oral argument by *Kevin M. LeRoy,* deputy solicitor general, with whom on the brief was *Brad D. Schimel,* attorney general, and *Misha Tseytlin*, solicitor general.

2017 WI 62

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2015AP993-CR
(L.C. No.  2013CF136)

STATE OF WISCONSIN                    :          IN SUPREME COURT

**State of Wisconsin,**

          **Plaintiff-Respondent,**

     **v.**

**Heather L. Steinhardt,**

          **Defendant-Appellant-Petitioner.**

**FILED**

**JUN 21, 2017**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals.  *Affirmed.*

¶1   MICHAEL J. GABLEMAN, J.   This is a review of an unpublished per curiam decision of the court of appeals that affirmed the Ozaukee County circuit court's[1] decision that denied Heather L. Steinhardt's ("Steinhardt") motion for postconviction relief.  State v. Steinhardt, No. 2015AP993-CR, unpublished slip op. (Wis. Ct. App. Jan. 21, 2016) (per curiam).

¶2 Steinhardt argues that her convictions for both failure to protect a child from sexual assault contrary to Wis.

---

[1] The Honorable Sandy A. Williams presided.

Stat. § 948.02(3) (2011-12)[2] and first-degree sexual assault of a child under 13 as a party to a crime contrary to Wis. Stat. §§ 948.02(1)(e) and 939.05 violated the Double Jeopardy Clauses of the United States Constitution and Wisconsin Constitution. Therefore, she asks this court to vacate her conviction for failure to protect a child. In addition, she argues that she received ineffective assistance of counsel because her counsel never alerted her to the potential double jeopardy claim. She asks this court to remand her case for a hearing to determine whether her counsel was ineffective.

¶3 We hold that Steinhardt's conviction for failure to protect a child from sexual assault does not violate double jeopardy because failure to protect a child from sexual assault and first-degree sexual assault of a child under 13 as a party to a crime are not identical in fact. Moreover, we determine that Steinhardt failed to overcome the presumption that the legislature intended cumulative punishments for her conduct, given that her conduct consisted of two separate acts. We also hold that Steinhardt's claim of ineffective assistance of counsel fails because her counsel could not be deficient for failing to advise her of a potential double jeopardy claim that does not exist.

I. FACTUAL AND PROCEDURAL BACKGROUND

---

[2] All subsequent references to the Wisconsin Statutes are to the 2011-12 version unless otherwise indicated.

2

¶4    For roughly three years leading up to April 1, 2013, Steinhardt's husband, Walter, repeatedly expressed to Steinhardt an interest in having sex with Steinhardt's daughter, F.G.[3]  On April 1, 2013, Steinhardt acquiesced to Walter's requests, and Steinhardt facilitated her husband's sexual assault of the then-twelve-year-old F.G.

¶5    According to the criminal complaint, on April 1, "[Steinhardt] went to one of the other rooms w[h]ere F.G. was and brought her into the bedroom that [Steinhardt] shared with Walter and sat with her on the bed. . . . Walter was prepared, lying on the bed under the covers."  "Walter then told F.G. to take off her clothes at which time [Steinhardt] remained on the bed . . . ."  Walter then engaged in three sexual acts with F.G.:  "Walter engaged in digital penetration of F.G., Walter had F.G. engage in oral sex with him, and ultimately Walter had sexual intercourse with F.G. . . . ."  Steinhardt remained seated on the bed throughout the entire assault.  After Walter finished, "F.G. left the room to take a shower with [Steinhardt] following her into the bathroom."[4]

---

[3] Walter is F.G.'s stepfather.

[4] The State asserted additional facts about the sexual assault at Steinhardt's sentencing hearing.  For example, the State asserted that Steinhardt gave in to Walter's request as a birthday present for him and that Steinhardt was actually the one who told F.G. to take off her clothes.  However, as will be explained later, we are limited to the facts as contained in the criminal complaint.  Thus, for our purposes, the facts of the sexual assault are as stated above, and we do not consider the additional facts provided by the State.

¶6 F.G. alerted her biological father of the assault, and he contacted the police. The State charged Steinhardt with failure to protect a child from sexual assault contrary to Wis. Stat. § 948.02(3)[5] ("Count 1"), first-degree sexual assault of a child under 13 as a party to a crime contrary to Wis. Stat.

---

[5] Wisconsin Stat. § 948.02(3) provides:

A person responsible for the welfare of a child who has not attained the age of 16 years is guilty of a Class F felony if that person has knowledge that another person intends to have, is having or has had sexual intercourse or sexual contact with the child, is physically and emotionally capable of taking action which will prevent the intercourse or conduct from taking place or being repeated, fails to take that action and the failure to act exposes the child to an unreasonable risk that intercourse or contact may occur between the child and the other person or facilitates the intercourse or contact that does not occur between the child and the other person.

4

§§ 948.02(1)(e) and 939.05[6] ("Count 2"), and child enticement contrary to Wis. Stat. § 948.07(1)[7] ("Count 3").[8]

¶7 Steinhardt pled no contest to all three counts, and the circuit court sentenced Steinhardt to 7.5 years of initial confinement and 5 years of extended supervision on Count 1; 15

---

[6] Wisconsin Stat. § 948.02(1)(e) provides, "Whoever has sexual contact with a person who has not attained the age of 13 years is guilty of a Class B felony." Wisconsin Stat. § 939.05 then makes this offense applicable to parties to the crime. Section 939.05(1) states:

> Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although the person did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act.

Section 939.05(2)(b) then defines a person who is concerned in the commission of the crime as one who "[i]ntentionally aids and abets the commission of [the crime]."

[7] Wisconsin Stat. § 948.07 provides, in relevant part:

> Whoever, with intent to commit any of the following acts, causes or attempts to cause any child who has not attained the age of 18 years to go into any vehicle, building, room or secluded place is guilty of a Class D felony:
>
> (1) Having sexual contact or sexual intercourse with the child in violation of s. 948.02, 948.085, or 948.095.

[8] The criminal complaint originally charged Steinhardt with two counts: (1) failure to protect a child in violation of Wis. Stat. § 948.02(3) and (2) first-degree sexual assault of a child under 13 as a party to a crime in violation of Wis. Stat. §§ 948.02(1)(e) and 939.05. Count 3, child enticement in violation of Wis. Stat. § 948.07, was added in the information.

years of initial confinement and 10 years of extended supervision on Count 2 (consecutive to Count 1); and 15 years of initial confinement and 10 years of extended supervision on Count 3 (concurrent to Count 2). In total, Steinhardt's sentence amounts to 37.5 years, with 22.5 years of initial confinement and 15 years of extended supervision.

¶8 Steinhardt subsequently filed a motion for postconviction relief. She asked the circuit court to vacate her conviction for Count 1. She argued that Counts 1 and 2 are multiplicitous, thereby making her convictions on both counts a violation of double jeopardy. Steinhardt also asked the circuit court to hold a hearing to determine whether her counsel was ineffective for failing to advise her of her potential double jeopardy claim. Steinhardt alleged that she would not have pled no contest if she knew of the possible claim. The circuit court found Counts 1 and 2 were not multiplicitous and denied her motion. Steinhardt appealed.

¶9 The court of appeals affirmed the circuit court. Steinhardt, unpublished slip op., ¶1. It determined that "Steinhardt relinquished the right to direct review of her double jeopardy claim" because her claim could not be resolved on the basis of the factual record before the circuit court at the time of Steinhardt's plea. Id., ¶8 (citing State v. Kelty, 2006 WI 101, 294 Wis. 2d 62, 716 N.W.2d 886 ("[A] guilty plea relinquishes the right to assert a multiplicity claim when the claim cannot be resolved on the record.")). The court of appeals also determined that Steinhardt's claim for ineffective

6

assistance of counsel failed because Steinhardt did not sufficiently allege prejudice in her postconviction motion to warrant a hearing. Id., ¶11 (citing State v. Bentley, 201 Wis. 2d 303, 313-18, 548 N.W.2d 50 (1996) ("A defendant must do more than merely allege that he would have pled differently; such an allegation must be supported by objective factual assertions.")).

¶10 Steinhardt then sought review by this court, which we granted on October 11, 2016.

## II. STANDARD OF REVIEW

¶11 "The issue of whether a person's right to be free from double jeopardy has been violated presents a question of law that we review de novo." State v. Trawitzki, 2001 WI 77, ¶19, 244 Wis. 2d 523, 628 N.W.2d 801.

¶12 Ineffective assistance of counsel is a mixed question of law and fact. Id. This court upholds the circuit court's factual findings unless they are clearly erroneous. Id. Whether counsel was ineffective is a question of law that this court reviews de novo. Id.

## III. DISCUSSION

### A. Steinhardt's Convictions on Counts 1 and 2

¶13 The Fifth Amendment to the United States Constitution[9] and Article I, Section 8 of the Wisconsin Constitution[10]

---

[9] "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . ."

[10] "[N]o person for the same offense may be put twice in jeopardy of punishment . . . ."

7

guarantee the right to be free from double jeopardy. This right provides three protections: "protection against a second prosecution for the same offense after acquittal; protection against a second prosecution for the same offense after conviction; and protection against multiple punishments for the same offense." State v. Sauceda, 168 Wis. 2d 486, 492, 485 N.W.2d 1 (1992). This third category is known as multiplicity. See State v. Davison, 2003 WI 89, ¶37, 263 Wis. 2d 145, 666 N.W.2d 1 ("Use of the term 'multiplicitous' should be limited to situations in which the legislature has not authorized multiple charges and cumulative punishments."). Here, Steinhardt argues that her right to be free from multiple punishments for the same offense has been violated by her convictions for Counts 1 and 2.

¶14 We apply a two-pronged test to determine whether charges are multiplicitous. State v. Anderson, 219 Wis. 2d 739, 746, 580 N.W.2d 329 (1998). Under the first prong, we ask "whether the charged offenses are identical in law and fact." Id. Under the second prong, the question is "if the offenses are not identical in law and fact, whether the legislature intended the multiple offenses to be brought as a single count." Id.

1. Whether Counts 1 and 2 Are Identical in Law or Fact

¶15 We typically apply the Blockburger[11] test to determine whether offenses are identical in law. E.g., Sauceda, 168

---

[11] Blockburger v. United States, 284 U.S. 299 (1932).

8

Wis. 2d at 493-94. Here, however, the State concedes, and we agree, that Counts 1 and 2 are identical in law due to the operation of Wis. Stat. § 939.66(2p),[12] which makes failure to protect a child from sexual assault a lesser-included offense of first-degree sexual assault of a child under 13. See, e.g., Harrell v. State, 88 Wis. 2d 546, 571, 277 N.W.2d 462 (Ct. App. 1979) ("[T]hus, a greater and lesser included offense are the 'same offense' and trial for one bars a second trial for the other."). Accordingly, our inquiry under the first prong focuses on whether Counts 1 and 2 are identical in fact. We conclude they are not.

¶16 Our review of whether Counts 1 and 2 are identical in fact is limited to the facts available to the circuit court at the time of Steinhardt's plea. See, e.g., Kelty, 294 Wis. 2d 62, ¶38 ("What this means is that a court will consider the merits of a defendant's double jeopardy challenge if it can be resolved on the record as it existed at the time the defendant pled."); State v. Eisch, 96 Wis. 2d 25, 27, 291

---

[12] Wisconsin Stat. § 939.66 states:

Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

. . . .

(2p) A crime which is a less serious or equally serious type of violation under s. 948.02 than the one charged.

N.W.2d 800 (1980) ("Because we confront the case at the pleading stage, we are confined to the facts alleged in the complaint, information, and transcript of testimony of the witnesses at the preliminary examination."). In this case, that amounts to those facts contained in the probable cause section of the criminal complaint because those were the only facts of record at the time of Steinhardt's plea.[13] Steinhardt waived her preliminary hearing, there are no facts contained in the information, and neither party sought to supplement the facts at Steinhardt's plea hearing.

¶17 The probable cause section of the criminal complaint provides, in relevant part:

> [Steinhardt] stated that at one point she went to one of the other rooms w[h]ere F.G. was and brought her into the bedroom that [Steinhardt] shared with Walter and sat with her on the bed. [Steinhardt] stated that Walter was prepared, lying on the bed under the covers. [Steinhardt] stated that Walter then told F.G. to take off her clothes at which time [Steinhardt] remained on the bed while Walter engaged in digital penetration of F.G., Walter had F.G. engage in oral sex with him, and ultimately Walter had sexual intercourse with F.G. placing his penis inside her vagina. [Steinhardt] stated she remained on the bed

---

[13] The State relies on State v. Kelty, 2006 WI 101, 294 Wis. 2d 62, 716 N.W.2d 886, which held that a multiplicity claim is waived if it cannot be resolved on the record, to argue that Steinhardt waived her ability to bring a double jeopardy challenge. According to the State, whether Steinhardt's conduct is identical in fact cannot be resolved based on the facts known at the time of Steinhardt's plea. We conclude that Steinhardt's double jeopardy claim can be resolved based on the facts of record and therefore do not further address the argument that Steinhardt waived her double jeopardy claim.

the whole time. Walter finished and F.G. left the room to take a shower with [Steinhardt] following her into the bathroom.

¶18 Based on these facts, Steinhardt argues that Counts 1 and 2 are identical in fact because the conduct underlying both counts constitutes one continuous act that took place during a single incident and the same conduct supports both Counts 1 and 2. The State, on the other hand, argues that Counts 1 and 2 are not identical in fact because each count is supported by conduct that is different in nature——Steinhardt sitting on the bed during the sexual assault supports Count 1 (an act of omission), and Steinhardt taking F.G. to the bedroom supports Count 2 (an act of commission).[14]

---

[14] Steinhardt argues that this court should invoke judicial estoppel to preclude the State from making this argument. Assuming judicial estoppel could apply in this instance, we decline to invoke it here. Judicial estoppel is an equitable doctrine invoked at the court's discretion to preclude a party from abusing the court system. See State v. Fleming, 181 Wis. 2d 546, 558, 510 N.W.2d 837 (Ct. App. 1993) (judicial estoppel is applied to preclude "cold manipulation and not unthinking or confused blunder" (quoting Konstantinidis v. Chen, 626 F.2d 933, 939 (D.C. Cir. 1980))). Here, nothing indicates that the State is playing "fast and loose," id., with the court system by asserting inconsistent positions such that we conclude it is necessary to invoke judicial estoppel. See State v. Petty, 201 Wis. 2d 337, 347, 548 N.W.2d 817 (1996) ("The doctrine precludes a party from asserting a position in a legal proceeding and then subsequently asserting an inconsistent position."). The State has consistently maintained that Steinhardt's convictions on Counts 1 and 2 do not violate double jeopardy because the counts are not identical in fact. See id. at 353 (concluding that judicial estoppel did not apply because "Petty has consistently sought to minimize the length of his prison stay, whether it be receiving a concurrent sentence, or dismissal of the state charge on grounds of statutory double jeopardy").

11

¶19 "Charged offenses are not multiplicitous if the facts are either separated in time or [are] of a significantly different nature." Anderson, 219 Wis. 2d at 749. We are unable to determine from the facts in the criminal complaint exactly how much time elapsed here; however, we are able to discern acts that are significantly different in nature such that we can say Counts 1 and 2 are not multiplicitous.

¶20 When analyzing whether acts are significantly different in nature, "[t]he question is whether the elements, which are legally identical, are sufficiently different in fact to demonstrate that a separate crime has been committed." Eisch, 96 Wis. 2d at 31. Accordingly, this court concluded in Eisch that conviction for four different counts of "forcible and unconsented sexual intercourse" did not violate double jeopardy because each sexual act was "of a significantly different nature in fact." Id. at 28, 31. The defendant in Eisch had vaginal intercourse with the victim, inserted his penis into the victim's anus, inserted a beer bottle into the victim's vagina, and inserted his penis into the victim's mouth. Id. at 27-28. In concluding that no double jeopardy violation existed, this court said, "[I]t is the different nature of the acts which we deem to be of importance." Id. at 33. Given the different nature of the acts, it mattered not that all of the acts occurred within the same incident. See id. at 31 (noting that the assault "took place within a relatively short period").

¶21 Relying on Eisch, this court determined that five counts of second-degree sexual assault were "sufficiently

12

different in fact to demonstrate that separate crimes [had] been committed" when the defendant in Ziegler had the minor "perform oral sex on him," digitally penetrated the minor's vagina, fondled the minor's breasts, had the minor touch his penis, and "str[uck the minor's] buttocks." State v. Ziegler, 2012 WI 73, ¶¶60, 64-65, 342 Wis. 2d 256, 816 N.W.2d 238. The court determined that these acts were sufficiently different in fact such that five separate crimes were committed because each act constituted a departure from Ziegler's previous conduct. Id., ¶73. Moreover, each different act "resulted in a new and different humiliation, danger, and pain" to the victim. Id.

¶22 On the other hand, the defendant's right to be free from double jeopardy was violated when the State charged the defendant in Hirsch with three counts of first-degree sexual assault for touching a five-year old's vagina, then anus, and then vagina again within the span of a few minutes, because the nature of the conduct was not sufficiently different to say that multiple crimes had been committed. State v. Hirsch, 140 Wis. 2d 468, 474-75, 410 N.W.2d 638 (Ct. App. 1987). The court noted that "the alleged actions are extremely similar in nature and character," id. at 474, and that there was no "significant change in activity as in Eisch," id. at 475.

¶23 Here, we have an act of omission——Steinhardt sitting on the bed observing Walter sexually assault her child—— supporting Count 1 and an act of commission——Steinhardt bringing her daughter to the bedroom——supporting Count 2. As in both Eisch and Ziegler, there is a difference in Steinhardt's conduct

13

that amounts to a significant change in activity. Sitting on the bed is a departure from bringing F.G. to the bedroom and represents a change in Steinhardt's activity such that her conduct is different in nature. Indeed, sitting on the bed is such a departure from Steinhardt's conduct of bringing F.G. to the bedroom that we can say Steinhardt came "to a fork in the road," Harrell, 88 Wis. 2d at 558 (quoting Irby v. United States, 390 F.2d 432, 437 (D.C. Cir. 1967) (Leventhal, J., concurring)), and departed from her earlier course of conduct such that we have two separate volitional acts, see Eisch, 96 Wis. 2d at 36 (emphasizing that each crime required "a separate volitional act"). Unlike Hirsch where the acts were similar in nature, here we have a change that had to take place between Steinhardt acting in the first instance (bringing her daughter into the bedroom) and Steinhardt failing to act (sitting on the bed and observing Walter sexually assault her daughter) in the second. Furthermore, F.G. was subjected to a new and different humiliation, danger, and pain with each act her mother took. Consequently, we conclude that Counts 1 and 2 are not identical in fact and therefore Steinhardt's convictions on both counts do not violate double jeopardy.

2. Whether Steinhardt Has Overcome the Presumption that the Legislature Intended Cumulative Punishments for Her Conduct

¶24 Having determined that Counts 1 and 2, while identical in law, are not identical in fact, we now turn to the second prong of the test and look to whether the legislature intended cumulative punishments for Steinhardt's conduct. We begin (as

14

we must) with the presumption that it did. "[I]f the offenses are different in law or fact, the presumption is that the legislature intended to permit cumulative punishments." Ziegler, 342 Wis. 2d 256, ¶62. Consequently, "[a]t this juncture, we are no longer concerned with a double jeopardy violation but instead a potential due process violation." Id. The defendant bears the burden of proving that "the offenses are nevertheless multiplicitous on grounds that the legislature did not intend to authorize cumulative punishments." Id. "This presumption may only be rebutted by a clear indication to the contrary." Anderson, 219 Wis. 2d at 751.

¶25 We use four factors to examine legislative intent under this second prong: (1) "all applicable statutory language"; (2) "the legislative history and context of the statutes"; (3) "the nature of the proscribed conduct"; and (4) "the appropriateness of multiple punishments for the conduct." Ziegler, 342 Wis. 2d 256, ¶63.

¶26 We note that, even though it is Steinhardt's burden to overcome the presumption that the legislature intended to allow cumulative punishments for failure to protect a child from sexual assault and first-degree sexual assault of a child under 13 as a party to a crime, she failed to undertake any analysis of the relevant four factors. Instead, she simply points to

15

Wis. Stat. § 939.66(2p).[15] According to Steinhardt, "[t]he legislature has directly addressed this situation[, meaning legislative intent to allow cumulative punishments,] by the passage of statutory [sic] Wis. Stat. § 939.66." As her argument runs, Counts 1 and 2 are identical in law by operation of this statute and are identical in fact because Counts 1 and 2 are supported by the same conduct; therefore, the legislature did not intend cumulative punishments. With that as her argument, the State correctly argues that Steinhardt could be said to have conceded the last three of the four factors in the second prong. This is so because it is her burden to use all four factors to show that the legislature did not intend cumulative punishments, and this she has failed to do. Nonetheless, we choose to analyze the legislative intent in accordance with the four relevant factors in order to determine if, in fact, Steinhardt's convictions for Counts 1 and 2 violate due process.

¶27 Under the first factor, we look to all the applicable statutory language to determine if the legislature indicated whether it intended the imposition of cumulative punishments. See State v. Grayson, 172 Wis. 2d 156, 160-64, 493 N.W.2d 23 (1992) (looking to the "common sense" reading of the statute to

---

[15] Wisconsin Stat. § 939.66(2p) is the statute that makes failure to protect a child from sexual assault a lesser-included offense of first-degree sexual assault of a child under 13 as a party to a crime.

16

determine whether the statutory language indicated a legislative intent to impose cumulative punishments).

¶28 The statutory language of Wis. Stat. § 948.02 itself is silent as to whether the legislature intended cumulative punishments. Section 948.02 simply lists both of the crimes we have here: § 948.02(1)(e) says, "Whoever has sexual contact with a person who has not attained the age of 13 years is guilty of a Class B felony," and § 948.02(3) says:

> A person responsible for the welfare of a child who has not attained the age of 16 years is guilty of a Class F felony if that person has knowledge that another person intends to have, is having or has had sexual intercourse or sexual contact with the child, is physically and emotionally capable of taking action which will prevent the intercourse or contact from taking place or being repeated, fails to take action and the failure to act exposes the child to an unreasonable risk that intercourse or contact may occur between the child and the other person or facilitates the intercourse or contact that does occur between the child and the other person.

A common sense reading of this statute could lead to the conclusion that the legislature intended cumulative punishments for first-degree sexual assault of a child under 13 and failure to protect a child from sexual assault because both offenses are listed in separate subsections of the statute. Cf. State v. Church, 223 Wis. 2d 641, 653-55, 589 N.W.2d 638 (Ct. App. 1998) (reasoning that the legislature likely did not intend multiple punishments for different subsections of the same statutory provision because "neither, standing alone, constitutes a separate offense" as was the case in Sauceda, 168 Wis. 2d 486).

17

¶29 Moreover, when we look to Wis. Stat. § 939.66(2p), we see that the legislature provided one punishment under Wis. Stat. § 948.02 for each criminal act. Section 939.66 states, "Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both." (Emphasis added). Steinhardt's resort to § 939.66(2p) may have had traction if, for example, the State had alleged a crime and then sought entry of judgment of guilt for both first-degree sexual assault of a child under 13 as a party to the crime as well as the lesser-included offense of failure to protect a child. However, that is not the case we are called upon today to decide.

¶30 Here we have two criminal acts——Steinhardt's act of commission in bringing F.G. to the bedroom and Steinhardt's act of omission in sitting on the bed while the assault took place. Because of this, Steinhardt's reliance on Wis. Stat. § 939.66(2p) is misplaced and we see nothing in the language of Wis. Stat. § 948.02(1)(e) or § 948.02(3) that would rebut the presumption that the legislature intended cumulative punishments for the violations of these statutes, and we move to the second factor.

¶31 The legislative history and context of Wis. Stat. § 948.02 likewise does nothing to overcome the presumption that the legislature intended cumulative punishments. Indeed, we recognize that this court, along with the court of appeals, has noted that the legislative history of ch. 948 in general shows that the legislature takes crimes against children seriously.

18

E.g., Ziegler, 342 Wis. 2d 256, ¶76 (allowing for multiple punishments to "further[] the legislature's express objective of emphasizing the seriousness of crimes against children"); Church, 223 Wis. 2d at 661-63 (discussing the legislative history of ch. 948 in relation to the child enticement statute). Such a history indicates that cumulative punishments for crimes against children are appropriate.

¶32 We also recognize that the legislative history of Wis. Stat. § 939.66(2p) indicates that the legislature intended to make Wis. Stat. § 948.02(3) a lesser-included offense of Wis. Stat. § 948.02(1)(e). However, this means that, had Steinhardt been charged only with one count of violating § 948.02(1)(e) based on one act, she could have been convicted of either § 948.02(1)(e) or § 948.02(3), but not both. In this case, these are two separate offenses because Steinhardt's conduct is sufficiently different in nature——one is an act of commission and the other an act of omission. Accordingly, § 939.66(2p) does not apply here, as the parties argue, and nothing under this second factor overcomes the presumption that the legislature intended cumulative punishments under § 948.02 for her conduct.

¶33 The third factor requires us to look at the nature of the conduct and ask whether the conduct is separated in time or different in nature. See Grayson, 172 Wis. 2d at 165 (evaluating whether "the facts are both separated in time and different in nature"); see also Anderson, 219 Wis. 2d at 755-56 (evaluating the third factor by referring back to its inquiry

19

into identity in fact). We have already determined that Steinhardt's conduct consisted of one act of commission in knowingly leading her child to be sexually assaulted (Wis. Stat. § 948.02(1)(e)) and one act of omission in passively observing while her daughter was, in fact, sexually assaulted (§ 948.02(3)), and there is nothing about the nature of Steinhardt's conduct that overcomes the presumption that the legislature intended cumulative punishments. See, e.g., Anderson, 219 Wis. 2d at 756 ("Because the nature of the different proscribed conduct causes separate harms, we perceive no clear indication under this factor of the analysis to overcome the presumption that the legislature intended cumulative punishments."). As the court in Church recognized, counts that rely on different conduct indicate legislative intent for cumulative punishments. See Church, 223 Wis. 2d at 663.

¶34 As to the fourth factor, the appropriateness of multiple punishments for Steinhardt's conduct, we determine this factor likewise does nothing to overcome the presumption that the legislature intended cumulative punishments. When examining this fourth factor, the court has typically looked for multiple acts. See, e.g., Ziegler, 342 Wis. 2d 256, ¶77 (noting that there were multiple acts that subjected the victim to "a new and different humiliation and danger"); Church, 223 Wis. 2d at 664 ("[M]ultiple criminal punishments are appropriate for multiple acts, but not for multiple thoughts."). We have multiple acts here——one act of commission in bringing F.G. to the bedroom and

20

one act of omission in sitting idly by on the bed while the sexual assault took place. Thus, it cannot be said that this factor assists in overcoming the presumption that the legislature intended cumulative punishments.

¶35 In reviewing the four factors, we find nothing, either individually or in the aggregate, that overcomes the presumption that the legislature intended for cumulative punishments. Thus, Steinhardt's convictions on Counts 1 and 2 do not violate due process, and we decline to vacate her conviction for Count 1.

### 3. Whether Count 3 Violates Double Jeopardy

¶36 Steinhardt argues that concluding that her convictions on Count 1 and Count 2 do not violate double jeopardy creates a double jeopardy problem with Count 3 because Count 3 is supported by the same conduct as Count 1. We reject her contention because child enticement is a wholly different statute with different elements, making Count 3 different in law from Count 1. See State v. DeRango, 229 Wis. 2d 1, 13-17, 599 N.W.2d 27 (Ct. App. 1999) (concluding that the different concerns underlying the child enticement statute (Wis. Stat. § 948.07) and the child exploitation statute (Wis. Stat. § 948.05) allowed the defendant to be charged under both for the same conduct). Accordingly, we operate under the presumption that the legislature intended for cumulative punishments.

¶37 We see nothing that overcomes this presumption. Under the first factor where we look to the applicable statutory language, a common sense reading of Wis. Stat. § 948.07(1) and Wis. Stat. § 948.02(1)(e) indicates that Steinhardt can be

21

convicted under both statutes. Section 948.07 applies to "[w]hoever, with intent to commit any of the following acts, causes or attempts to cause any child who has not attained the age of 18 years to go into any vehicle, building, room or secluded place." On the other hand, § 948.02(1)(e) applies to "[w]hoever has sexual contact with a person who has not attained the age of 13 years." Each statute criminalizes different conduct——one criminalizes the act of bringing a child to a secluded place, and the other criminalizes the act of having sexual contact with a child (or, in Steinhardt's case, anyone who aids another in sexual contact with a child).

¶38 In looking to the legislative history in applying the second factor, we likewise see nothing in the legislative history that overcomes the presumption. In fact, as was the case with Counts 1 and 2, the legislative history indicates that the legislature takes crimes against children seriously. See, e.g., Ziegler, 342 Wis. 2d 256, ¶76.

¶39 Nothing under the third factor, where we look to the nature of the proscribed conduct, overcomes the presumption. Wisconsin Stat. § 948.02(1)(e) protects children from sexual acts and Wis. Stat. § 948.07(1) protects children from being enticed to a secluded place where a sexual act can occur. The nature of the conduct criminalized by each statute is different. In fact, no sexual act need occur to be charged under § 948.07(1); only the intent to commit a sexual act need occur. All that must occur under § 948.07(1) is that the child be brought to a secluded place. Church, 223 Wis. 2d at 664 ("The

22

crime of enticement is completed, however, when a person causes, or attempts to cause, a child to go to a secluded place, regardless of whether any of the intended illegal acts is ever completed or attempted."). The nature of the conduct, therefore, is sufficiently different in nature because the conduct criminalized under § 948.02(1)(e) pertains to sexual acts committed with a child and the conduct criminalized under § 948.07(1) pertains to taking a child to a secluded place where such acts can be performed. See Church, 223 Wis. 2d at 663.

¶40 The fourth and last factor——the appropriateness of multiple punishments——also fails to overcome the presumption that it is appropriate to impose multiple punishments because different interests of the child are protected by each statute. See DeRango, 229 Wis. 2d at 14-17. "[T]he central concern of [Wis. Stat. § 948.07] is the removal of a child from the general public to a secluded place in order to facilitate various illegal conduct." Id. at 14. "The underlying acts, such as sexual contact, . . . are not the primary concern of § 948.07 because other statutes specifically address these crimes." Id.

¶41 Consequently, we conclude that no double jeopardy or due process violation with Count 3 is created by our conclusion regarding Counts 1 and 2.

B. Steinhardt's Ineffective Assistance of Counsel Claim

23

¶42 The Sixth Amendment to the United States Constitution[16] and Article I, Section 7 of the Wisconsin Constitution[17] guarantee a criminal defendant the right to counsel. "This right to counsel includes the right to the effective assistance of counsel." Trawitzki, 244 Wis. 2d 523, ¶39. We apply a two-pronged test, commonly referred to as the Strickland[18] test, to determine whether counsel was ineffective. Id., ¶¶39-40. "The first part of the test requires a defendant to show that counsel's performance was deficient." Id., ¶40. "If the defendant establishes that counsel's performance was deficient, then the defendant must satisfy the second part of the Strickland test and prove that this deficient performance prejudiced the defense." Id.

¶43 Steinhardt argues that her counsel's performance was deficient for failing to alert her to the potential double jeopardy claim. However, as we have determined, there is no double jeopardy violation occasioned by her convictions for Counts 1 and 2 because Counts 1 and 2 are different in fact. Consequently, counsel's performance was not deficient, State v. Johnson, 2004 WI 94, ¶24, 273 Wis. 2d 626, 681 N.W.2d 901

---

[16] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."

[17] "In all criminal prosecutions the accused shall enjoy the right to heard by himself and counsel . . . ."

[18] Strickland v. Washington, 466 U.S. 668 (1984).

24

(concluding counsel's performance was not deficient because "there was nothing objectionable about the line of testimony" claimed to be improper). We need not address the second prong, State v. Maloney, 2005 WI 74, ¶14, 281 Wis. 2d 595, 698 N.W.2d 583 ("We need not address both components of the inquiry if the defendant makes an insufficient showing on one."), and no useful purpose would be accomplished by doing so. Accordingly, we determine that there is no need to remand Steinhardt's case for a hearing on whether her counsel was deficient.

## IV. CONCLUSION

¶44 We conclude that Counts 1 and 2 are not multiplicitous and thus Steinhardt's convictions for both counts does not violate double jeopardy. Counts 1 and 2 are supported by different conduct and thus are not identical in fact. We also conclude that Steinhardt's convictions for Counts 1 and 2 do not violate due process. Accordingly, we decline to vacate Steinhardt's conviction for Count 1.

¶45 Last, we conclude that Steinhardt's claim for ineffective assistance of counsel fails, and therefore, we decline to remand her case for a hearing.

*By the Court.*—The decision of the court of appeals is affirmed.

25

¶46 SHIRLEY S. ABRAHAMSON, J. *(dissenting).* According to the complaint, Heather Steinhardt knowingly and intentionally took her 12-year-old daughter to Walter's bedroom and remained there sitting on Walter's bed, facilitating Walter's sexual assault of the child. According to the majority opinion, Walter is Heather Steinhardt's husband. Heather Steinhardt's conduct was revolting and detestable!

¶47 The federal and state constitutional guarantees against double jeopardy protect us all, even Heather Steinhardt.

¶48 In the instant double jeopardy challenge, Heather Steinhardt argues that she was convicted of two offenses, counts 1 and 2, that are the same in law and fact, that is, multiplicitous. The majority opinion agrees with Heather Steinhardt that the two convictions at issue are identical in law. The majority opinion concludes, however, that the convictions for Count 1 (failure to act to protect a child from sexual assault contrary to Wis. Stat. § 948.02(3)) and Count 2 (first-degree sexual assault of a child under 13 as a party to a crime contrary to Wis. Stat. §§ 948.02(1)(e) and 939.05) are not identical in fact and that Heather Steinhardt's multiplicity challenge fails.

¶49 Heather Steinhardt also argues that if this court upholds her convictions on Counts 1 and 2 upon the State's new factual arguments in this court, a different multiplicity issue is created with regard to Count 3. The majority opinion concludes that count 3 (causing a child to go into a room with intent to have sexual contact or sexual intercourse contrary to

1

Wis. Stat. § 948.07(1)) is not identical in law or fact, that the legislative intended multiple convictions under Count 3, and that Heather Steinhardt's multiplicity challenge fails.

¶50 I conclude, contrary to the majority opinion, that Counts 1 and 2 are identical in law and fact; that the legislature did not intend that these two counts for two offenses identical in law and fact under two subsections of a single statute would result in two convictions, see Wis. Stat. § 939.66(1) and (2p);[1] and that convictions for both counts are multiplicitous. I further conclude that Count 3 is not identical in law with the other counts but that the legislature did not intend that Heather Steinhardt's single, brief course of conduct subject her to multiple convictions and that her conviction of Count 3 is multiplicitous.

¶51 Accordingly, I would reverse the decision of the court of appeals and the order of the circuit court. I would remand

---

[1] Wisconsin Stat. § 939.66(1) and (2p) provide as follows:

**Sec. 939.66. Conviction of included crime permitted.** Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

**(1)** A crime which does not require proof of any fact in addition to those which must be proved for the crime charged.

. . . .

**(2p)** A crime which is a less serious or equally serious type of violation under s. 948.02 than the one charged.

2

the matter to the circuit court to vacate the convictions on Counts 1 and 3 and for further proceedings consistent with this dissent.

¶52 Notwithstanding the heinous nature of Heather Steinhardt's conduct, the ultimate question for double jeopardy purposes is whether it is fundamentally fair to convict her of the three offenses. "Basically, where problems of double jeopardy or multiplicity arise, the question is one of fundamental fairness or prejudice to the defendant. A defendant ought not be charged, tried, or convicted for offenses that are substantially alike when they are a part of the same general transaction or episode." State v. Eisch, 96 Wis. 2d 25, 34, 291 N.W.2d 800 (1980).

¶53 The problem of unfairness caused by the overcharging of multiple criminal offenses based on a single course of criminal conduct is not a new concern. Over forty years ago, United States Supreme Court Justice William Brennan, concurring in Ashe v. Swenson, 397 U.S. 436, 452 (1970), sounded a warning. Although directed at another area of double jeopardy jurisprudence, Justice Brennan's concerns pertain to the instant case:

> Given the tendency of modern criminal legislation to divide the phases of a criminal transaction into numerous separate crimes, the opportunities for multiple prosecutions for an essentially unitary criminal episode are frightening. And given our tradition of virtually unreviewable prosecutorial discretion concerning the initiation and scope of a criminal prosecution, the potentialities for abuse . . . are simply intolerable. (Footnotes omitted.)

3

¶54 I conclude that two counts in the instant case are identical in law and fact, that the third count is identical in fact, and that the three are multiplicitous for the following reasons:

I. The <u>text</u> of the statutes and the <u>facts</u> alleged in the complaint demonstrate that Counts 1 and 2 are the same in law and supported by the same facts. Because the same conduct satisfies each count, the text of the two statutes clearly expresses a legislative intent that there not be two convictions. <u>See</u> Wis. Stat. § 939.66(1), (2p). Count 3 is different in law but the same conduct supports all three counts. The legislature did not intend multiple convictions for the three counts under the facts of the instant case.

II. An indication that Counts 1, 2, and 3 are identical in fact is the short time that elapsed between the "acts" alleged. Heather Steinhardt performed the role of isolating the child by bringing the child into the bedroom and facilitating Walter's sexual assaults. Her <u>mens rea</u> was unvarying. Her relatively brief course of conduct demonstrated a single intent and purpose of getting the child into the bedroom to facilitate Walter's sexual assaults.

III. The majority opinion's commission/omission "test" is not viable. The majority opinion adopts the state's novel position about the facts in this court, which differs from the State's position in the circuit court

4

and court of appeals. The majority opinion "slices and dices" Heather Steinhardt's single volitional act constituting a single course of conduct into two offenses, one an act of omission and the other an act of commission.

IV. The majority opinion's reasoning can easily lead to the overcharging of offenses and the imposition of multiple sentences for a single act or course of conduct.

¶55 I develop these four reasons further below.

I

¶56 The text of the statutes and the facts alleged in the complaint demonstrate that the three counts are supported by the very same facts, that is, by the very same "acts" of Heather Steinhardt described in the complaint.[2]

---

[2] The criminal information, unlike the complaint, does not state the facts upon which the charges are based. The criminal information charges a third offense (unmentioned in the complaint) as follows:

> The above-named defendant on or about Monday, April 01, 2013, in the Town of Fredonia, Ozaukee County, Wisconsin, with intent to have sexual intercourse with the child in violation of Section 948.02, Wis. Stats., did cause a child, FG, DOB 11/26/2000, who had not attained the age of 18 years to go into a room, contrary to sec. 948.07(1), 939.50(3)(d) Wis. Stats., a Class D Felony, and upon conviction may be fined not more than One Hundred Thousand Dollars ($100,000), or imprisoned not more than twenty five (25) years, or both.

Child enticement is set forth in Wis. Stat. § 948.07(1), which provides:

(continued)

¶57 The complaint alleges identical facts as probable cause to believe that Heather Steinhardt committed the three offenses charged. The probable cause section of the complaint states:

PROBABLE CAUSE:

Complainant alleges that on June 19, 2013, Detective Lambrecht and Lieutenant Knowles interviewed Heather Steinhardt about the allegations that Walter Steinhardt had sexual intercourse with F.G., date of birth 11/26/2000. At that time, Heather told Detective Lambrecht that Walter had been interested in having intercourse with both of her daughters for the last three years. Heather stated that throughout the day on April 1, 2013, Walter had been prodding Heather to allow him to have sexual intercourse with F.G. Heather stated that at one point she went to one of the other rooms were [sic] F.G. was and brought her into the bedroom that Heather shared with Walter and sat with her on the bed. Heather stated that Walter was prepared, lying on the bed under the covers. Heather stated that Walter then told F.G. to take off her clothes at which time Heather remained on the bed while Walter engaged in digital penetration of F.G., Walter had F.G. engage in oral sex with him, and ultimately Walter had sexual intercourse with F.G. placing his penis inside her vagina. Heather stated she remained on the bed the whole time. Walter finished and F.G. left the room to take a shower with Heather following her into the bathroom.

---

**948.07 Child enticement.** Whoever, with intent to commit any of the following acts, causes or attempts to cause any child who has not attained the age of 18 years to go into any vehicle, building, room or secluded place is guilty of a Class D felony:

(1) Having sexual contact or sexual intercourse with the child in violation of s. 948.02, 948.085, or 948.095.

Complainant further alleges that all the above stated events occurred in the County of Ozaukee, State of Wisconsin.

Based on the foregoing, the complainant believes this complaint to be true and correct.

¶58 I examine Count 1 first. It charges Heather Steinhart with failure to act, that is, failure to protect a child from sexual assault in violation of Wis. Stat. § 948.02(3), which provides as follows:

> **(3)** FAILURE TO ACT. A person responsible for the welfare of a child who has not attained the age of 16 years is guilty of a Class F felony if that person has knowledge that another person intends to have, is having or has had sexual intercourse or sexual contact with the child, is physically and emotionally capable of taking action which will prevent the intercourse or contact from taking place or being repeated, fails to take that action and the failure to act exposes the child to an unreasonable risk that intercourse or contact may occur between the child and the other person or facilitates the intercourse or contact that does occur between the child and the other person.[3] (Emphasis added.)

---

[3] The complaint stated the statutory offense in count 1 as follows:

> Count 1: FAILURE TO PROTECT A CHILD
>
> The above-named defendant on or about Monday, April 01, 2013, in the Town of Fredonia, Ozaukee County, Wisconsin, as a person responsible for the welfare of a child under the age of sixteen, FG, DOB 11/26/2000, with knowledge that a person intended to have sexual sexual [sic] contact with said child, did fail to take action to prevent the sexual contact and created an unreasonable risk of the sexual contact occurring, contrary to sec. 948.02(3), 939.50(3)(f) Wis. Stats., a Class F Felony, and upon conviction may be fined not more than Twenty Five Thousand Dollars ($25,000), or imprisoned not more than twelve (12) years and six (6) months, or both.

7

¶59 With regard to Count 1, which charges a violation of Wis. Stat. § 948.02(3), the facts alleged fall squarely in the language of the charged offense. The probable cause part of the complaint clearly states that Heather Steinhardt is the mother of the assaulted child. No one disputes that as a mother she is responsible for the welfare of the child. She had "knowledge" that Walter wanted to have sexual intercourse[4] or sexual contact[5] with her child. On April 1, 2013, Heather Steinhardt succumbed to Walter's wishes. She failed to take action to prevent the sexual assaults from taking place on April 1 by failing to remove her daughter to a safe place away from Walter's grasp (instead, she brought the child into Walter's bedroom). This failure to take action exposed the child to an unreasonable risk that intercourse or contact may occur. By the act of sitting on the bed she facilitated the ongoing sexual assaults, and she did nothing to stop them.

¶60 Heather Steinhardt's conduct, whether denoted "acts of omission" or "acts of commission," explicitly falls within the text of Wis. Stat. § 948.02(3)'s prohibition on failing to act, the violation of which constitutes Count 1.

¶61 The majority opinion declares that the act of sitting on Walter's bed during the assaults is an act of omission constituting Count 1.

---

[4] "Sexual intercourse" is defined in Wis. Stat. § 939.22(36).

[5] "Sexual contact" is defined in Wis. Stat. § 939.22(34).

8

¶62 I now consider Count 2. Count 2 charges first-degree sexual assault of a child under 13 as party to a crime in violation of Wis. Stat. §§ 948.02(1)(e) and 939.05, which provide:

**Wis. Stat. § 948.02 Sexual assault of a child.**

(1) FIRST DEGREE SEXUAL ASSAULT.

. . . .

(e) Whoever has sexual contact or sexual intercourse with a person who has not attained the age of 13 years is guilty of a Class B felony.

**Wis. Stat. § 939.05 Parties to crime.**

(1) Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although the person did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act.

(2) A person is concerned in the commission of the crime if the person:

(a) Directly commits the crime; or

(b) Intentionally aids and abets the commission of it; or

(c) Is a party to a conspiracy with another to commit it . . . .[6]

---

[6] The complaint states the statutory offense in Count 2 as follows:

Count 2:  1ST DEGREE CHILD SEXUAL ASSAULT – CONTACT WITH A CHILD UNDER AGE 13 – AS A PARTY TO A CRIME

The above-named defendant on or about Monday, April 01, 2013, in the Town of Fredonia, Ozaukee County, Wisconsin, as a party to a crime, did have sexual contact with a person who has not attained the age of

(continued)

9

¶63 With regard to Count 2, sexual assault of a child under 13 as party to a crime, the complaint relies on the same facts as does Count 1, namely those facts set forth in the probable cause section. These facts fall squarely within the text of Wis. Stat. §§ 948.02(1)(e) and 939.05, as well as within the text of § 948.02(3).

¶64 The probable cause part of the complaint clearly states that Heather Steinhardt intentionally aided and abetted Walter's sexual assaults by failing to take action to remove the child from Walter's grasp and by bringing the child into Walter's bedroom. In addition, by sitting on Walter's bed and failing to do anything to stop the assaults, she facilitated Walter's ongoing sexual assaults. Heather Steinhardt had the duty and opportunity to protect the child. Heather Steinhardt's conduct, whether denoted "acts of omission" or "acts of commission," explicitly falls within the text of Wis. Stat. §§ 948.02(1)(e) and 939.05, the violation of which constitutes Count 2.[7]

---

thirteen, FG, DOB 11/26/2000, contrary to sec. 948.02(1)(e), 939.50(3)(b), 939.05 Wis. Stats., a Class B Felony, and upon conviction may be sentenced to a term of imprisonment not to exceed sixty (60) years.

[7] Heather Steinhardt's conduct constituted aiding and abetting. The court described aiding and abetting as follows in State v. Tourville, 2016 WI 17, ¶¶49-50, 367 Wis. 2d 285, 876 N.W.2d 735:

In order to aid and abet a crime, the defendant need be only a willing participant. State v. Marshall, 92 Wis. 2d 101, 122, 284 N.W.2d 592 (1979)). "Such participation as would constitute aiding and abetting

(continued)

10

¶65 The majority opinion declares that the act of bringing the child into Walter's bedroom is an act of commission constituting Count 2.

¶66 The majority opinion concludes, without analysis or explanation, that had Heather Steinhardt been charged "only with one count of violating § 948.02(1)(e) based on one act, she could have been convicted of either § 948.02(1)(e) or § 948.02(3), but not both." Majority op., ¶32. The majority opinion neither explains this hypothetical scenario nor cites authority for this interpretation of the statutes.

¶67 In sum, the text of the statutes and the text of the complaint demonstrate that Counts 1 and 2 are supported by the same facts. I therefore conclude that the two counts are identical in fact (as well as in law) and are multiplicitous. The legislature clearly stated it did not intend that these two counts for offenses based on the same facts and charged under two subsections of a single statute would lead to two convictions. See Wis. Stat. § 939.66 (1), (2p).

¶68 Another multiplicity issue involves Count 3. The majority opinion, ¶¶36-41, concludes that Count 3 in the

---

does not even require that the defendant be present during the [crime]." Id. "One need not perform an act which would constitute an essential element of the crime in order to aid and abet that crime. It is only necessary that he undertake some conduct (either verbal or overt), which as a matter of objective fact aids another person in the execution of a crime, and that he consciously desire or intend that his conduct will in fact yield such assistance." Id.

11

information setting forth the crime of child enticement, see ¶56 n.2, supra, is not multiplicitous.

¶69 Heather Steinhardt's reply brief argues that in light of the State's novel approach to the facts in this court, Count 3 is not identical in law but is multiplicitous because Count 3 is supported by the same conduct as Count 2. See Steinhardt's Reply Brief at 8. A single act or course of conduct may support multiple convictions if the legislature intended there be multiple convictions "to protect different interests of the victim or the public." See State v. DeRango, 229 Wis. 2d 1, 16, 599 N.W.2d 27 (Ct. App. 1999); State v. Patterson, 2010 WI 130, 329 Wis. 2d 599, 790 N.W.2d 909.

¶70 No one disputes that Count 3 is based on the course of conduct set forth in the probable cause statement in the complaint. This course of conduct supports all three counts.

¶71 Under Wis. Stat. § 948.07(1), the State must prove that the accused causes a child who has not attained the age of 18 years to go into a room with the intent to have sexual contact or sexual intercourse with the child. See ¶56 n.2, supra; State v. Church, 223 Wis. 2d 641, 664, 589 N.W.2d 638 (Ct. App. 1998) ("The crime of enticement is completed, however, when a person causes, or attempts to cause, a child to go to a secluded place, regardless of whether any of the intended illegal acts is ever completed or attempted.").

¶72 The facts alleged in the probable cause part of the complaint fall squarely within the language of the charged offense in Count 3. The complaint clearly states that Heather

Steinhardt caused the child to go into a room with the intent that Heather Steinhardt aid and abet Walter as a party to the crime of sexually assaulting the child.

¶73 I conclude that in the instant case the three convictions based on Heather Steinhardt's same course of conduct over a brief period of time contravene the same interests of the victim and the community that the legislature was protecting in all three offenses. All three statutes protect the child and the community against the seriousness of sexual assault of a child. "Enticement of a child to a vehicle, building, room, or other secluded place isolates a child from the protections of the public. It also provides the opportunity, with substantially less risk of detection, for the person to exercise force and control over the child for purposes of sexual gratification." State v. Hanson, 182 Wis. 2d 481, 487, 513 N.W.2d 700 (Ct. App. 1994) (internal citations and quoted source omitted).

¶74 My review of the text of the statutes, the statutory and legislative history, the nature of the statutorily proscribed conduct, Heather Steinhardt's brief course of conduct, and the appropriateness of multiple punishments supports the conclusion that the legislature did not intend three convictions in the instant case. The three statutes protect the same interests of the victim and the community. Count 3 is multiplicitous. The instant case is more like State v. Church, 223 Wis. 2d 641, 648, 589 N.W.2d 638 (Ct. App. 1998), review dismissed as improvidently granted, State v. Church, 2000 WI 90, 236 Wis. 2d 755, 613 N.W.2d 848 (the facts on which the

13

convictions were based were not separated in time or significantly different in nature), than State v. DeRango, 229 Wis. 2d 1, 14-17, 599 N.W.2d 27 (1999) (the legislature created two statutes and two offenses intending to protect different interests of the victim or public).

II

¶75 One indicator of whether the three counts are identical in fact is how much time elapsed between "acts."

¶76 The complaint is silent as to how much time passed during and between Heather Steinhardt's "acts." Time is a factor in cases like this.[8]

¶77 The majority opinion disregards the time factor, stating that it is "unable to determine from the facts in the criminal complaint exactly how much time elapsed here." Majority op., ¶19. True, but there is no indication in the complaint that any considerable amount of time passed between Heather's bringing the child into Walter's bedroom and the assaults.

¶78 In State v. Eisch, 96 Wis. 2d 25, 31, 291 N.W.2d 800 (1980), the court surmised from the record that the sexual assaults took place over a period that did not exceed two and

---

[8] See State v. Carol M.D., 198 Wis. 2d 162, 170, 542 N.W.2d 476 (Ct. App. 1995); State v. Hirsch, 140 Wis. 2d 468, 475, 410 N.W.2d 638 (Ct. App. 1987); Christine M. Wiseman & Michael Tobin, 9 Wisconsin Practice: Criminal Practice and Procedure § 15:6 (2d ed. 2008) ("Whether there is a difference in fact depends upon whether the offenses are separated in time, significantly different in nature, or involve separate volitional acts.").

14

one-half hours. The court characterized this period of time as "a relatively short period." The Eisch court also stated that this "relatively short time period" was "not significant enough to make the time interval alone controlling." Eisch, 96 Wis. 2d at 31, 33. Heather Steinhardt's acts were not separated by a significant enough period of time to make the time interval controlling in the instant case.

¶79 I surmise from the complaint that the "acts" leading to the three charged offenses in the instant case occurred over a significantly shorter time than two and one-half hours. Indeed, they are patently part of the same episode. Heather Steinhardt's conduct constituting the three charged offenses arose out of one continuous course of conduct within a brief period of time.[9]

¶80 The complaint makes clear that Heather Steinhardt and Walter planned her participation in the sexual assaults on April

---

[9] State v. Hirsch, 140 Wis. 2d 468, 475, 410 N.W.2d 638 (Ct. App. 1987) ("Given the short time frame, we cannot say that the defendant had sufficient time for reflection between the assaultive acts to again commit herself.") (internal quotation marks omitted); Irby v. United States, 390 F.2d 432, 437-38 (D.C. Cir. 1967) (Leventhal, J., concurring) ("If at the scene of the crime the defendant can be said to have realized that he has come to a fork in the road, and nevertheless decides to invade a different interest, then his successive intentions make him subject to cumulative punishment, and he must be treated as accepting that risk, whether he in fact knows of it or not.").

See Christine M. Wiseman & Michael Tobin, 9 Wisconsin Practice: Criminal Practice and Procedure § 15:6 (2d ed. 2008) ("Whether there is a difference in fact depends upon whether the offenses are separated in time, significantly different in nature, or involve separate volitional acts.").

15

1, 2013. The plan was that she perform the same role before and during the sexual assaults, that of facilitator. Heather Steinhardt's conduct consisted of a single volitional act. She did not reconsider her course of conduct. Heather Steinhardt's course of conduct, contrary to the State's argument, continuously inflicted the same humiliation and emotional and physical danger and pain to her daughter.[10] Her mens rea throughout the time at issue was unvarying; she demonstrated a single intent and purpose of taking the child into Walter's bedroom and exposing the child to Walter's sexual assaults.

¶81 In sum, the facts underlying the three counts took place during a relatively short period of time and constituted a single course of conduct during which Heather Steinhardt could not (and did not) change her mens rea or engage in separate volitional acts. Compare State v. Carol M.D., 196 Wis. 2d 162, 542 N.W.2d 476 (Ct. App. 1995), in which the defendant was convicted of several offenses as a result of making the conscious decision on numerous occasions to leave the child alone with the assaulter. Counts 1, 2, and 3 are identical in fact in the instant case. The legislative intent is that there be one conviction, not three, in the instant case. See Wis. Stat. §§ 939.66(1), (2p).

III

---

[10] In State v. Ziegler, 2012 WI 73, ¶77, 342 Wis. 2d 256, 816 N.W.2d 238, the court held that cumulative punishments were appropriate when each aspect of the defendant's conduct "resulted in a new and different humiliation and danger on the part of a child."

¶82 With regard to Counts 1 and 2, the majority opinion adopts the novel approach taken by the State in this court (to which the defendant vigorously objects because it differs significantly from the State's position taken in the circuit court and court of appeals). The majority opinion "slices and dices" Heather Steinhardt's single volitional act constituting a single course of conduct into two acts, three crimes, and a multiplicity problem.[11]

¶83 The majority opinion describes Heather Steinhardt's conduct as consisting of two "acts" for purposes of Counts 1 and 2: The act of sitting on the bed becomes, according to the majority opinion, "an act of omission" that constitutes Count 1, failure to protect a child from sexual assault; the act of bringing the child into Walter's bedroom becomes, according to the majority opinion, "an act of commission" that constitutes Count 2, first-degree sexual assault of a child under 13 as party to a crime. Majority op., ¶23.

¶84 The majority opinion does not identify the "act" that is the basis of Count 3. I assume from the criminal information that the act relates to taking the child into Walter's bedroom.

¶85 The word "act" (in common parlance and as used by the majority opinion) means the "process of doing something" or "performing something." Thus, according to the majority

---

[11] For the majority opinion's cursory response to Heather Steinhardt's arguments that the State should be judicially estopped from taking a position in this court contrary to the position that it took in the circuit court and court of appeals, see majority op., ¶18 n.4.

17

opinion, Heather Steinhardt's criminal conduct consisted of doing or performing something (which it labels an "act of omission") and doing or performing something else (which it labels an "act of commission").

¶86 The majority opinion's commission/omission approach rests on quicksand. With little difficulty, the same conduct can usually be classified in terms of both malfeasance (act of commission) and nonfeasance (act of omission).

¶87 For instance, sitting on Walter's bed during the sexual assaults (which the majority opinion characterizes as an act of omission) can be restated as an act of commission——Heather Steinhart's staying in Walter's room and sitting on the bed during the assaults facilitated the assaults.

¶88 Bringing the child into Walter's bedroom for Walter's sexual assaults (which the majority opinion characterizes as an act of commission) can be restated as an act of omission——Heather Steinhardt failed to remove the child from harm's way.

¶89 For a discussion of the difficulty of distinguishing acts of commission and omission, see 2 Dan B. Dobbs, Paul T. Hayden, & Ellen M. Bublick, The Law of Torts § 406 (2d ed. 2011) ("[N]o rule has been formulated to prescribe whether courts are to characterize conduct as affirmative action with an embedded omission or as simple non-action."); W. Page Keeton et al., Prosser and Keeton on Torts § 56, at 373-75 (5th ed. 1984) ("[I]n theory the difference between the two is fairly clear; but in practice it is not always easy to draw the line and say whether conduct is active or passive."); Fleming James, Jr.,

Scope of Duty in Negligence Cases, 47 Nw. U. L. Rev. 778, 801 (1953) ("Often the same conduct could be described as either one or the other [that is, as either an act or omission]"); Behrendt v. Gulf Underwriters Ins. Co., 2009 WI 71, ¶54, 318 Wis. 2d 622, 768 N.W.2d 568 (2009) (Abrahamson, C.J., concurring) (the distinction between misfeasance and nonfeasance is "tenuous and misleading"); id., ¶88 (Roggensack, J., concurring) ("the claim made could be characterized as either a failure to act or as an act negligently performed, depending on the lens that the author of the opinion applies"); Pehle v. Farm Bureau Life Ins. Co., Inc., 397 F.3d 897, 902 (10th Cir. 2005) (the distinction between misfeasance and nonfeasance is not useful because the conduct can be characterized as either one).[12]

¶90 Resting multiplicitous criminal penalties upon the shaky foundation of "commission" and "omission" in the instant case is a cause for concern because these concepts are largely malleable.

IV

¶91 Unfortunately, the reasoning of the majority opinion will have deleterious effects on the administration of justice. The reasoning can too easily lead to prosecutorial overcharging of offenses and the imposition of consecutive multiple criminal

---

[12] "Malfeasance" and "nonfeasance" may have special significance in "no-duty," "special relationship" cases. See, e.g., 2 Dan B. Dobbs, Paul T. Hayden, & Ellen M. Bublick, The Law of Torts § 406 (2d ed. 2011); W. Page Keeton et al., Prosser and Keeton on Torts § 56, at 373-78 (5th ed. 1984); Fleming James, Jr., Scope of Duty in Negligence Cases, 47 Nw. U. L. Rev. 778, 802 (1953).

19

penalties for a volitional act constituting a single course of conduct with a single purpose. Under the majority opinion, Heather Steinhardt apparently could be charged with additional offenses, namely, an offense for each distinct sexual intrusion that Walter inflicted on the child.

¶92 In the Eisch case, 96 Wis. 2d at 27, the court upheld the prosecutor's charging the defendant with four acts of sexual assault; the court viewed each sexual assault as a different intrusion on the body of the victim. Here Walter committed three different sexual intrusions on the child and apparently Heather Steinhardt might be charged with party to a crime for each assault.

¶93 Each charge of a sexual assault supports its own penalty and the sentences for multiple assaults can be consecutive. A real question exists whether it is fundamentally fair to allow such charging and sentencing in the instant case when Heather Steinhardt's course of conduct took place over a relatively brief period of time and was all part of the same episode.[13]

* * * *

¶94 I conclude, contrary to the majority opinion, that the three counts are identical in fact and that the legislature did not intend multiple convictions in the instant case. Moreover, the legislature did not intend that Counts 1 and 2, which are

---

[13] For an objection to charging for multiple violations of a single statute, see State v. Pal, 2017 WI 44, ¶54, 374 Wis. 2d 759, 893 N.W.2d 848 (Kelly, J., concurring).

20

identical in law, would result in two convictions for two offenses identical in fact under two subsections of a single statute. See Wis. Stat. § 939.66(1), (2p). Accordingly, I would reverse the decision of the court of appeals and the order of the circuit court. I would remand the matter to the circuit court to vacate the convictions on Counts 1 and 3 and for further proceedings consistent with this dissent.

¶95 Accordingly, I dissent.

¶96 I am authorized to state that Justice ANN WALSH BRADLEY joins this dissenting opinion.