COURT OF APPEALS
DECISION
DATED AND FILED

July 23, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1158-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2021CF3381

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

     PLAINTIFF-RESPONDENT,

  V.

KENDALL M. WHITE,

     DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Milwaukee County: MICHAEL J. HANRAHAN, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Kendall M. White was charged with three counts of first-degree recklessly endangering safety with the use of a dangerous weapon

after he fired his gun into the window of a vehicle with three occupants. He pleaded guilty to two of those counts. White now seeks an order vacating one of the convictions and resentencing him on the other, arguing that his two convictions are multiplicitous and violate double jeopardy. Alternatively, he argues that trial counsel was ineffective for failing to advise White or file a motion on the double jeopardy issue, and he is entitled to a *Machner*[1] hearing. We disagree and affirm.

## BACKGROUND

¶2 On August 9, 2021, the State charged White with three counts of first-degree recklessly endangering safety with the use of a dangerous weapon. The complaint alleged that White was driving a car with three passengers inside when an argument broke out between White and the front seat passenger. White exited the car, pulled out a handgun, struck the front driver's side window with the handgun, and fired a single bullet into the window of the car, but the bullet did not hit any of the occupants. The State's reasoning for charging three separate counts was that all three passengers were individually endangered by White's conduct.

¶3 White pleaded guilty to two of the counts and the remaining count was dismissed and read in. The circuit court sentenced White to three years of initial confinement and four years extended supervision on each count, to be served concurrently.

¶4 White filed a postconviction motion alleging that: (1) White's two convictions for first-degree recklessly endangering safety were multiplicitous

---

[1] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

because he only committed one reckless act by discharging his gun a single time, and (2) trial counsel provided ineffective assistance by failing to advise White of the double jeopardy violation and failing to file a motion on the issue.

¶5    The circuit court denied the motion without a hearing, concluding that White's convictions were not multiplicitous because they involved two different victims.  White appeals.

## DISCUSSION

I.    **The two counts of first-degree recklessly endangering safety to which White pleaded guilty involved two victims and are not multiplicitous.**

¶6    White argues that his convictions are multiplicitous because they are identical in both law and fact, and the legislature did not intend cumulative punishment for a single act of recklessly endangering safety.  White claims that the two multiplicitous convictions violate his rights under the United States and Wisconsin constitutions to be free from double jeopardy.[2]

¶7    "The Fifth Amendment to the United States Constitution and Article I, Section 8 of the Wisconsin Constitution guarantee the right to be free from double jeopardy." *State v. Steinhardt*, 2017 WI 62, ¶13, 375 Wis. 2d 712, 896 N.W.2d 700.  A challenge based on multiplicity implicates the double jeopardy

---

[2] The State argues that if we determine that the record is insufficient to resolve White's double jeopardy claim, we should treat the claim as forfeited because pleading guilty generally "waives all nonjurisdictional defects, including constitutional claims[.]" *State v. Kelty*, 2006 WI 101, ¶¶18, 39, 294 Wis. 2d 62, 716 N.W.2d 886 (citation omitted; brackets in *Kelty*) ("[I]f a double jeopardy challenge can be resolved without any need to venture beyond the record, the court should decide the claim on its merits.").  We conclude that the record is sufficient to resolve White's double jeopardy claim.  Because we reject White's claim on the merits, we do not discuss the State's forfeiture argument.

3

right to be protected against multiple punishments for the same offense. ***Id.*** "Multiplicity arises where the defendant is charged in more than one count for a single offense." ***State v. Rabe***, 96 Wis. 2d 48, 61, 291 N.W.2d 809 (1980). These charges and the resulting convictions can violate the state and federal constitutions' protections against double jeopardy, but if the statutes "authorize cumulative punishments for the same offense," then the convictions are not multiplicitous. ***State v. Brantner***, 2020 WI 21, ¶24, 390 Wis. 2d 494, 939 N.W.2d 546 (citation omitted).

¶8    We assess a multiplicity claim using a two-pronged test. ***Id.***, ¶25. First, we employ the "elements-only" test to determine if the offenses are identical in law and in fact. ***Id.***, (citing ***Blockburger v. United States***, 284 U.S. 299, 304 (1932)). Crimes "are identical in law if one offense does not require proof of any fact in addition to those which must be proved for the other offense." ***State v. Ziegler***, 2012 WI 73, ¶60, 342 Wis. 2d 256, 816 N.W.2d 238. Crimes "are not identical in fact if the acts allegedly committed are sufficiently different in fact to demonstrate that separate crimes have been committed." ***Id.*** "As a general rule, when different victims are involved, there is a corresponding number of distinct crimes." ***Rabe***, 96 Wis. 2d at 67 (citation omitted).

¶9    Second, we consider whether the legislature intended to allow multiple punishments for the criminal conduct. ***Ziegler***, 342 Wis. 2d 256, ¶¶61-63. We apply one of two presumptions when analyzing legislative intent based on whether the offenses are identical in law and in fact. If the offenses are identical in law and in fact, we presume that the legislature did not authorize multiple punishments. ***Id.***, ¶61. In contrast, if two offenses are not identical in law and in fact, then we presume that the legislature intended to permit multiple punishments. ***Id.***, ¶62. The party arguing against the presumption may rebut it "only by a clear

indication of contrary legislative intent." *Id.*, ¶61. In determining legislative intent, we consider the following four factors: (1) all applicable statutory language; (2) the legislative history and context of the statutes; (3) the nature of the proscribed conduct; and (4) the appropriateness of multiple punishments for the conduct. *Id.*, ¶63. Whether convictions are multiplicitous is a question that we review *de novo*. *Id.*, ¶38.

### a. The two counts of first-degree recklessly endangering safety to which White pleaded guilty are not identical in fact.

¶10 There is no dispute that the convictions White challenges, both for first-degree recklessly endangering safety with the use of a dangerous weapon, are identical in law. However, the parties disagree about whether the counts are identical in fact.

¶11 White argues that the counts are identical in fact because he only committed one reckless act by discharging his gun a single time. In support, White relies on *State v. Lechner*, 217 Wis. 2d 392, 576 N.W.2d 912 (1998).

¶12 In *Lechner*, the defendant was driving southbound on a highway and weaving in and out of traffic at a high rate of speed. *Id.* at 397-98. Lechner then crossed the double yellow center line of the highway and passed several cars in front of him before re-entering the southbound lane of traffic. *Id.* at 398. When Lechner re-entered the southbound lane, he abruptly cut in front of a car, which had to brake to avoid a collision. *Id.* Then, Lechner again crossed the double yellow center line to pass one more car before abruptly cutting back into the southbound lane of traffic, forcing the driver of that car to also brake to avoid a collision. *Id.*

¶13     Lechner was convicted, among other things, of two counts of second-degree recklessly endangering safety. *Id.* at 399-400. Those two charges stemmed from the two times he crossed the center line, entered the northbound lane of traffic, and abruptly reentered the southbound traffic lane. *Id.* at 415. On appeal, Lechner argued that the two recklessly endangering safety charges were multiplicitous because his reckless driving was a single continuous event. *Id.*

¶14     After an extensive analysis, including a reaffirmation of the "general rule" in *Rabe* that different victims may allow for a corresponding number of charged crimes, the Wisconsin Supreme Court concluded that the two charges were not multiplicitous. *Lechner*, 217 Wis. 2d at 413-18. The court rejected Lechner's argument that his reckless driving was a continuous, single event, concluding that every time he "pulled his vehicle out and passed a different vehicle, the defendant commenced a separate, conscious decision to act," completing "a separate, distinct act of criminally reckless conduct." *Id.* at 416. The court noted that it was "significant that the defendant here did more than pass at one time a continuous line of cars, putting each successive driver at risk as he passed" and concluded that Lechner's reckless conduct "constitute[d] at least two separate and distinct criminal acts of second-degree reckless endangerment[.]" *Id.* at 416.

¶15     Seizing on this language, White argues that *Lechner* makes "clear" that a reckless driver passing "a continuous line of cars at the same time" and "putting each driver at risk simultaneously" could have only "been convicted of one count of second-degree recklessly endangering safety." He contends that the instant case is analogous to "the single bullet from White's gun simultaneously pass[ing] three people" and that his reckless act of firing a gun into the car occupied by three people "can only result in one conviction for first-degree

recklessly endangering safety." Essentially, White argues that the number of recklessly endangering safety counts is limited to the number of acts committed without regard to the number of victims affected.

¶16 We disagree with White and agree with the State that White reads too much into *Lechner*. Similar to White, the defendant in *Lechner* argued that he could not be charged more than once for the same criminal act of reckless driving. *Id.* at 413. However, the *Lechner* court determined that the defendant had engaged in two separate and distinct criminal acts of reckless driving: one for each time Lechner swerved out of and back into his lane of traffic. The facts of *Lechner* did not allow for, and the court did not provide, an analysis of what the legal effect would have been if Lechner's conduct had been considered a single, continuous criminal act. The issue presented and all of the parties' briefing revolved around whether Lechner's conduct was one or more separate acts of reckless driving, so it is not surprising that the court found it "significant" that Lechner's conduct actually constituted two separate acts of reckless driving. The resolution of that issue (i.e., one act or two acts) made resolving the issue presented in the instant case unnecessary. Simply put, the *Lechner* court did not answer the question on appeal in this case: whether an indisputably single act of recklessly endangering safety can give rise to more than one charge if more than one victim was endangered by the reckless act.

¶17 We are persuaded that *Rabe* and *State v. Pal*, 2017 WI 44, 374 Wis. 2d 759, 893 N.W.2d 848, answer the question on appeal and foreclose White's argument that he cannot be charged with multiple counts of first-degree recklessly endangering safety for a single reckless act.

7

¶18    In ***Rabe***, the supreme court concluded that multiple homicide charges for the deaths of four people resulting from the intoxicated use of a motor vehicle were not identical in fact, as each charge required proof of the death of a different victim and that the defendant's negligent operation of his vehicle while intoxicated caused those deaths. ***Id.***, 96 Wis. 2d at 66-68. In reaching this conclusion, the court announced the "general rule" that "'when different victims are involved, there is a corresponding number of distinct crimes.'" ***Id.*** at 67 (citation omitted). The court concluded that "the reasoning regarding multiple victims is sound," and "where the crime is against persons rather than property, there are, as a general rule, as many offenses as individuals affected." ***Id.*** at 68. Rejecting Rabe's double jeopardy challenge to his convictions, the court further observed that "'there is no constitutional prohibition against legislation which provides for multiple crimes arising from single acts against multiple victims.'" ***Id.*** at 69 (citation omitted).

¶19    More recently, in ***Pal***, the Wisconsin Supreme Court reaffirmed its commitment to the general rule that the State may charge as many offenses as there are victims. Pal fled an accident scene after his vehicle struck a group of motorcyclists, two of whom died from the injuries they sustained in the crash. ***Id.***, 374 Wis. 2d 759, ¶2. Pal was charged with and pleaded guilty to two counts of hit and run resulting in death in violation of WIS. STAT. § 346.67(1) (2013-14).[3] ***Pal***, 374 Wis. 2d 759, ¶8. Pal asserted that the circuit court's imposition of consecutive sentences for the same crime arising from a single act, i.e., the accident, were multiplicitous because they were identical in fact. ***Id.***, ¶¶2-3. Relying on the

---

[3] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

"'general rule'" that there are "'as many offenses as individuals affected,'" the supreme court determined that the two hit and run charges were not identical in fact because the State had to establish that Pal failed his statutory responsibility with regard to each victim. *Id.*, ¶¶21-22 (quoting *Rabe*, 96 Wis. 2d at 68).

¶20 White argues that *Pal* is distinguishable. He argues that the reason Pal could be charged with multiple counts of hit and run was because "Pal owed a statutory duty to assist each of the motorcyclists that were injured in the accident, not just one of them." White observes that the statute at issue in *Pal* requires the operator of a vehicle to "remain at the scene of the accident" and "render to any person injured in such accident reasonable assistance[.]" WIS. STAT. § 346.67(1), (c) (2013-14). Unlike in *Pal*, where the statutory duty is owed to "any person injured," the language in the reckless endangerment statute requires endangerment of "another." WIS. STAT. § 941.30. White interprets this difference to mean that a single reckless act that endangers multiple victims can only ever result in a single count of recklessly endangering safety.

¶21 We disagree. Indeed, White's argument runs directly contrary to *Rabe*, wherein a single accident caused the deaths of four individuals. The statute at issue in *Rabe* reads: "Homicide by intoxicated user of vehicle or firearm. Whoever by the negligent operating or handing of a vehicle, firearm or airgun and while under the influence of an intoxicant causes the death of another is guilty of a Class B felony." *Rabe*, 96 Wis. 2d at 69 (quoting WIS. STAT. § 940.09 (1979-80)). The *Rabe* court reasoned that the four separate homicide charges against the defendant were not identical in fact because each charge required proof of the death of a particular person, and that the defendant's negligent operation of a vehicle while intoxicated caused that particular death. *Id.* at 66-67.

9

¶22 Here, WIS. STAT. § 941.30 requires endangerment of "another's safety," and similar to *Rabe*, the charges stem from the individualized endangerment of three separate, identified victims. The State would have to prove at trial that each victim's safety was endangered by White's single reckless act just like the State would have had to prove the deaths and the cause of those deaths as to each individual homicide victim in *Rabe*. *See also Pal*, 374 Wis. 2d 759, ¶22 ("'[I]f the State were put to their proof' in this case, they would have to establish that Pal had failed to complete his statutory responsibilities with regard to each victim." (Citation omitted; brackets in *Pal*)). This means that each count requires proof of additional facts that the other counts do not, namely, that the safety of each individual occupant of the vehicle was endangered by White's reckless act.

¶23 In sum, following *Rabe* and *Pal*, we agree with the circuit court and conclude that the two counts of first-degree recklessly endangering safety against White to which he pleaded guilty are not multiplicitous.

### b. White failed to rebut the presumption that the legislature intended to permit multiple punishments.

¶24 Having concluded that the two counts of first-degree recklessly endangering safety are not multiplicitous, we presume that the legislature intended to permit cumulative punishments. White can rebut this presumption "only by [showing] a clear indication of contrary legislative intent." *Ziegler*, 342 Wis. 2d 256, ¶61.

¶25 White relies only on *Lechner*'s language focusing on the issue of single-versus-multiple acts of reckless conduct, arguing that the *Lechner* court interpreted WIS. STAT. § 941.30 to reflect the legislature's intent that only multiple reckless *acts* can lead to multiple charges under the statute. However, the specific

section of *Lechner* highlighted by White does not support his argument. Rather, this section of *Lechner* explained that the statute does not criminalize reckless conduct *generally*. Instead, "another" person's safety must *actually* be endangered by the reckless conduct because "[p]roof of the defendant's reckless conduct alone is insufficient for a conviction." *Lechner*, 217 Wis. 2d at 417.

¶26 We conclude, as did the circuit court, that White failed to show "a clear indication" that the legislature did not intend to permit multiple punishments with respect to WIS. STAT. § 941.30. Accordingly, we conclude that the two counts of first-degree recklessly endangering safety to which White pleaded guilty are not multiplicitous.

## II. The circuit court properly denied White's postconviction motion without a hearing.

¶27 White's final argument is that his trial counsel was ineffective for failing to advise him of the double jeopardy issue and failing to file a motion raising it. He argues that he is entitled to a *Machner* hearing on his claim. However, in light of our conclusion that the two convictions are not multiplicitous, White's ineffective assistance of counsel claim necessarily fails. The circuit court has discretion to grant or deny a *Machner* hearing if the postconviction motion "does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief[.]" *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433.

¶28 In order to succeed on an ineffective assistance of counsel claim and be entitled to a *Machner* hearing, the defendant must sufficiently allege that trial counsel performed deficiently. *Strickland v. Washington*, 466 U.S. 668, 687

(1984); ***State v. Balliette***, 2011 WI 79, ¶¶22, 25-28, 336 Wis. 2d 358, 805 N.W.2d 334. It is well settled that counsel does not perform deficiently by failing to file a meritless motion or to advise the client with respect to a meritless defense. *See* ***State v. Dalton***, 2018 WI 85, ¶¶53-54, 383 Wis. 2d 147, 914 N.W.2d 120. Because we conclude that the double jeopardy issue is without merit, White's counsel cannot have performed deficiently for failing to file a motion raising the issue or failing to advise White about it, and therefore, the circuit court properly denied the motion.

## CONCLUSION

¶29    Based on our review, we conclude that the two counts of first-degree recklessly endangering safety to which White pleaded guilty are not multiplicitous, and trial counsel was not deficient for failing to bring a motion based on double jeopardy or advising White on the issue.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.